550 So.2d 142 (1989)
Eric Tyrone BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2986.
District Court of Appeal of Florida, First District.
October 13, 1989.
John R. Weed, Perry, and E. Renee Alsobrook, Asst. Public Defender, Lake City, for appellant.
Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr., Richard Doran, Asst. Attys. Gen., and Gypsy Bailey, Legal Intern, for appellee.
ERVIN, Justice.
The appellant was charged by a twocount information with the offense of possession of contraband in a correctional institution (Count I), and with solicitation to introduce contraband into a correctional institution (Count II). The court granted a judgment of acquittal on Count I at the close of the state's case. After deliberation, the jury found the appellant guilty of the lesser included offense under Count II of attempting to commit solicitation to introduce contraband into a state correctional institution. The appellant was adjudicated guilty and sentenced to prison for 364 days.
During the charge conference, the parties agreed upon the instruction on the primary count of solicitation. A lengthy discussion then took place concerning the propriety of giving a general instruction on "attempt". The appellant argued, because there is no separate offense of "attempted solicitation" under the laws of the State of Florida, that it would be error to give the instruction. We agree.
Initially, we find no merit in appellee's argument that the issue was not properly preserved for appeal on the ground that no objection was made at the conclusion of the instructions given to the jury, as required by Florida Rule of Criminal Procedure 3.390(d). A defendant's conviction for a nonexistent offense[1] is reversible, *143 fundamental error, regardless of whether the issue was raised at trial. State v. Sykes, 434 So.2d 325, 326 (Fla. 1983); Plummer v. State, 455 So.2d 550, 550 (Fla. 1st DCA 1984).
The solicitation statute, Section 777.04(2), Florida Statutes (1987), provides:
Whoever solicits another to commit an offense prohibited by law and in the course of such solicitation commands, encourages, hires, or requests another person to engage in specific conduct which would constitute such offense or an attempt to commit such offense commits the offense of criminal solicitation and shall, when no express provision is made by law for the punishment of such solicitation, be punished as provided in subsection (4).
The attempt statute, Section 777.04(1), Florida Statutes (1987), provides:
Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration or is intercepted or prevented in the execution of the same, commits the offense of criminal attempt and shall, when no express provision is made by law for the punishment of such attempt, be punished as provided in subsection (4).
"In the typical case of a criminal attempt, the factor distinguishing the attempt from the completed crime is that the intended criminal result, an element of the completed crime, was not achieved." Adams v. Murphy, 394 So.2d 411, 414 (Fla. 1981). However, the crime of solicitation does not require that the crime solicited actually be perpetrated. State v. Waskin, 481 So.2d 492, 493 (Fla. 3d DCA 1985), review denied, 488 So.2d 69 (Fla. 1986); State v. Gaines, 431 So.2d 736, 737 (Fla. 4th DCA 1983). Therefore, the offense of attempting to solicit is implicitly included within section 777.04(2).
When a statutory offense is itself an attempt to complete an act, there is no separate crime consisting of an attempt to commit the offense. Jordan v. State, 438 So.2d 825 (Fla. 1983) (no crime of attempting to resist an officer with force); State v. Sykes, 434 So.2d 325 (Fla. 1983) (no crime of attempted theft); Achin v. State, 436 So.2d 30 (Fla. 1982) (no crime of attempted extortion); Adams v. Murphy, 394 So.2d 411 (Fla. 1981) (no crime of attempted perjury); King v. State, 339 So.2d 172 (Fla. 1976) (there is no crime of attempt to utter a forged instrument); Hestor v. State, 363 So.2d 26 (Fla. 4th DCA 1978) (no crime of attempted tampering with a witness); Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975) (no crime of attempted conspiracy).
The state did not articulate at trial or in its brief the reasoning behind its request for an instruction on attempted solicitation as a lesser included offense. An attempt requires "a specific intent to commit the crime and an overt act, beyond mere preparation, done towards its commission." Adams, 394 So.2d at 413. Conceivably, a person could intend to solicit another to commit a crime, and could take steps to approach that person in order to effect the solicitation, but be thwarted from actually soliciting. But these would constitute acts of "mere preparation" that may not be criminalized even under the attempt provision. Such preparation would be comparable to the facts set forth in Gaines, wherein the defendant engaged in discussions with an undercover detective about the possibility of harming the defendant's stepson, but indicated that she would make the final decision at a later time. That court held that the defendant could not be prosecuted for solicitation, because she had "reached the threshold of the crime but never crossed it." Gaines, 431 So.2d at 737. As stated by the court in Hutchinson, 315 So.2d at 549, "[t]o concede in the academic sense the possibility that there can be an attempted conspiracy is not the equivalent of declaring it to be reasonable and a punishable statutory offense."
In any event, the evidence in this case does not support a conviction for solicitation that was intended but never took *144 place, but does for solicitation that was committed but did not achieve its intended criminal result. There were six distinct instances of solicitation described in the record. On the other hand, there is no evidence that appellant attempted to solicit another but did not actually follow through with the solicitation, or was prevented from doing so. Cf. Silvestri v. State, 332 So.2d 351, 353 (Fla. 4th DCA), approved, 340 So.2d 928 (Fla. 1976) ("[T]here is no question at all that there is no evidence to support the verdicts which the jury actually returned.")
Because we find that the crime of "attempted solicitation" is nonexistent, we reverse and remand this case for a new trial. Double jeopardy does not bar retrial of the appellant on the solicitation charge. The supreme court has repeatedly held that when a defendant is convicted for a nonexistent crime that includes all the elements of the offense originally charged, then the appellant may again be prosecuted for the original charge. Jordan v. State, 438 So.2d 825 (Fla. 1983); State v. Sykes, 434 So.2d 325 (Fla. 1983); Achin v. State, 436 So.2d 30 (Fla. 1982).
REVERSED and REMANDED for new trial.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] The fact that the trial court here instructed the jury on a nonexistent offense places this case in a different posture than a case in which no objection is made to an instruction advising the jury of an existent, lesser offense, but one which is not properly lesser included to the offense charged. Under the latter situation, the error is not fundamental and can be waived. See Hoover v. State, 530 So.2d 308 (Fla. 1988); Ray v. State, 403 So.2d 956 (Fla. 1981).