550 So.2d 1180 (1989)
Michael Jerome ARLINE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2767.
District Court of Appeal of Florida, First District.
October 25, 1989.
*1181 Michael E. Allen, Public Defender, and Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Michael Jerome Arline appeals his conviction of attempted murder in the second degree. Arline contends that the trial court committed reversible error in that it charged the jury with an inaccurate, incomplete, and misleading instruction on manslaughter, and that it failed to conduct a hearing, pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), upon appellant's expression of dissatisfaction with his court-appointed attorney. We reverse on the first point and find it unnecessary to reach the second point.
Appellant was tried on a charge of attempted first degree murder, so the court was required to instruct the jury on the category one lesser-included offenses of attempted second degree murder and attempted manslaughter.[1] The court denied appellant's specific request for the complete manslaughter instruction,[2] and instead instructed the jury that,
For the purpose of this case manslaughter is defined as the unlawful killing of a human being by culpable negligence of the defendant.
(T. 173). The court did not instruct the jury on the definition of justifiable homicide or excusable homicide.
The instruction given was erroneous because there is no crime of "attempted manslaughter by culpable negligence" in Florida. Taylor v. State, 444 So.2d 931 (Fla. 1983); Cooper v. State, 547 So.2d 1239 (Fla. 4th DCA 1989). The failure to include the definitions of justifiable and excusable homicide[3] in an instruction on manslaughter constitutes reversible error. Stockton v. State, 544 So.2d 1006 (Fla. 1989). We hold that these definitions must be given in an instruction on attempted manslaughter. There was evidence before the jury that the defendant in this case acted in the heat of passion when committing the charged offense, so we are unable to conclude that this error can be treated as harmless. See Smith v. State, 539 So.2d 514 (Fla. 2d DCA 1989). The giving of the instruction on a non-existent criminal offense constitutes fundamental error requiring reversal and remand for a new trial. Brown v. State, 550 So.2d 142 (Fla. 1st DCA 1989).
REVERSED AND REMANDED.
ERVIN, J., concurs.
NIMMONS, J., specially concurs with opinion.
NIMMONS, Judge, specially concurring.
The defendant's complaint was that the trial court did not include in its attempted *1182 manslaughter jury charge an instruction on the definitions of justifiable and excusable homicide. In my view, the trial court's omission of justifiable and excusable homicide from the definition of manslaughter should be regarded, under the circumstances of this case, as harmless error because such omission actually made it significantly easier for the jury to choose the attempted manslaughter verdict than if the jurors had been told that a verdict of attempted manslaughter would not be warranted if the homicide were to meet the definition of justifiable or excusable homicide.[1] The same rationale for harmless error could be advanced with respect to the defendant's valid position that the putative offense of attempted manslaughter by culpable negligence, upon which the jury was instructed, is a nonexistent offense, as recognized in Taylor v. State, 444 So.2d 931 (Fla. 1983).
However, the substantial body of law which has evolved in this area dealing with deficient instructions in homicide cases does not lend itself to the kind of rationale articulated above. See Walker v. State, 520 So.2d 606 (Fla. 1st DCA 1987); Alejo v. State, 483 So.2d 117 (Fla. 2nd DCA 1986); Smith v. State, 539 So.2d 514 (Fla. 2nd DCA 1989). I therefore reluctantly agree to the reversal and remand for a new trial.
NOTES
[1] The court also instructed the jury on the category two lesser-included offense of attempted third degree murder.
[2] The standard jury instruction on manslaughter (§ 782.07, Florida Statutes) reads:

Before you can find the defendant guilty of manslaughter, the State must prove the following elements beyond a reasonable doubt:
(1) (Victim) is dead.
(2) The death was caused by the
(a) act of (defendant).
(b) procurement of (defendant).
(c) culpable negligence of (defendant).
However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms.
[3] The standard jury instruction on excusable homicide (§ 782.03, Florida Statutes) reads:

The killing of a human being is excusable, and therefore lawful, when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.
[1] Of course, if appellant were appealing from a conviction of attempted manslaughter, there would be no question that we would be compelled to reverse because of the failure to instruct on justifiable and excusable homicide. Stockton v. State, 544 So.2d 1006 (Fla. 1989).