624 So.2d 277 (1993)
Patricia PUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03111.
District Court of Appeal of Florida, Second District.
July 23, 1993.
*278 James Marion Moorman, Public Defender, and Cecilia A. Traina, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carl R. Hayes, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
Patricia Pugh appeals her convictions for conspiracy to commit aggravated child abuse and first degree felony murder. The facts contained in the record support the conviction for conspiracy to commit aggravated child abuse, which we affirm. We reverse the conviction for first degree felony murder because the jury instruction given for this charge included conspiracy to commit aggravated child abuse, a non-predicate offense for first degree felony murder.
Pugh was charged by indictment with conspiracy to commit aggravated child abuse and first degree felony murder. The predicate felony for the murder, as specified in the indictment, was "... while engaged in the perpetration of or in an attempt to perpetrate the crime of aggravated child abuse and as a consequence of, and in furtherance of, a conspiratorial agreement and understanding... ." Based on the indictment, the trial judge instructed the jury that in order to find Pugh guilty of first degree felony murder the state must prove "the death occurred as a consequence of and while defendant was engaged in the commission of an aggravated child abuse or as a foreseeable consequence of a conspiratorial agreement to commit that offense." (Emphasis added.)
The first degree felony murder statute, Section 782.04(1)(a)2, Florida Statutes (1989), lists the offenses which will support a first degree murder verdict if a death occurs as a result of events set in motion during the commission or attempt of one of the specified felonies. State v. Williams, 254 So.2d 548 (Fla.2d DCA 1971). Although aggravated child abuse and attempted aggravated child abuse are specified within section 782.04, conspiracy to commit aggravated child abuse is not. It is necessary to emphasize that conspiracy to commit a crime, attempt to commit a crime, and the actual commission of a crime are separate and distinct offenses. See Section 777.04, Florida Statutes (1989).
A statutory definition of a felony should not by construction or interpretation be extended to cover acts of persons that are not within the intent of the statute, for only the lawmaking power can legally designate *279 or define the criminal offenses for which penalties may be imposed. Bradley v. State, 79 Fla. 651, 84 So. 677, 678 (1920). The crime of conspiracy is not included in section 782.04; therefore, conspiracy to commit aggravated child abuse cannot serve as a predicate crime for first degree felony murder.
A misleading jury instruction creates both fundamental and reversible error. Carter v. State, 469 So.2d 194 (Fla.2d DCA 1985). The instruction given to the jury makes it impossible to determine whether the verdict is based on the commission of aggravated child abuse or conspiracy to commit aggravated child abuse. Because conspiracy to commit aggravated child abuse cannot serve as the basis of first degree felony murder, we conclude the instruction to the jury constituted reversible error.
Accordingly, we affirm the conviction for conspiracy to commit aggravated child abuse; but reverse the conviction for first degree felony murder and remand for a new trial.
HALL, A.C.J., and PATTERSON, J., concur.