656 So.2d 191 (1995)
Michael REID, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1223.
District Court of Appeal of Florida, First District.
May 12, 1995.
Rehearing Denied July 10, 1995.
*192 T. Francis Shoemaker of Harris, Guidi, Rosner, Dunlap & Mordecai, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Michael Reid appeals his convictions for attempted manslaughter and armed burglary and his departure sentence. He claims the trial court committed fundamental error by giving a jury instruction that permitted him to be convicted of the nonexistent crime of attempted manslaughter by culpable negligence; that the jury verdicts are inconsistent; and that the trial court erred in permitting his prior juvenile adjudication to be used as a basis for exceeding the sentencing guidelines. We reverse Reid's conviction for attempted manslaughter and remand for new trial, and affirm his conviction for armed burglary, but reverse his sentence and remand for resentencing.
A defendant may be convicted of attempted manslaughter if there is proof that the defendant had the requisite intent to commit an unlawful act; however, there is no crime of attempted manslaughter by culpable negligence. Taylor v. State, 444 So.2d 931, 934 (Fla. 1983). The trial court below erred by giving the following instruction on attempted manslaughter:
Now another lesser included would be attempted manslaughter. Before you can find the defendant guilty of attempted manslaughter, the state must prove the following element beyond a reasonable doubt: That the attempted death was caused by the culpable negligence of Michael Reid[.]
The state argues that Reid did not object at trial, thus he did not preserve the issue for appeal, citing Murray v. State, 491 So.2d 1120 (Fla. 1986). On the contrary, we consider the charge constitutes fundamental error. Arline v. State, 550 So.2d 1180 (Fla. 1st DCA 1989).
The standard jury instruction on manslaughter at the time of trial[1] provided that manslaughter can be proved by showing that the victim was killed by the intentional act of the defendant, intentional procurement by the defendant, or culpable negligence of the defendant. If the court instructs on attempted manslaughter, any reference to culpable negligence must be omitted. Taylor. In Murray, although the trial court erred in including culpable negligence in its charge, the court did instruct on act or procurement, and because there was sufficient evidence to support a verdict under one of such alternatives, the court affirmed Murray's conviction.
In contrast, in Arline, the court gave the following instruction:
For the purpose of this case manslaughter is defined as the unlawful killing of a human being by culpable negligence of the defendant.
Applying Taylor, this court held that giving an instruction on the nonexistent criminal offense of attempted manslaughter by culpable negligence constituted fundamental error requiring a new trial. Id. at 1181. In so deciding, the court cited Brown v. State, 550 So.2d 142 (Fla. 1st DCA 1989), wherein we concluded that it was fundamentally erroneous for the defendant to be convicted of the *193 nonexistent offense of attempted solicitation. The error in the case at bar was fundamental  as it was in Brown and Arline  because it did not simply involve an erroneous instruction that may have misled the jury, as in Murray, but, in fact, it permitted the defendant's conviction of a nonexistent crime. The failure to object to an instruction which permits the jury to find the defendant guilty of a nonexistent crime does not constitute waiver of such fundamental defect. State v. Sykes, 434 So.2d 325 (Fla. 1983). The defendant therefore must be allowed a new trial for the homicide.
We affirm appellant's conviction for armed robbery. Gonzalez v. State, 449 So.2d 882 (Fla. 3d DCA), review denied, 458 So.2d 274 (Fla. 1984). Because, however, our reversal of his conviction for attempted manslaughter will affect his score under the sentencing guidelines, we reverse his sentence for armed burglary and remand for resentencing. Accordingly, we do not reach his third issue involving the alleged sentencing error.
AFFIRMED IN PART, REVERSED IN PART and REMANDED for further proceedings consistent with this opinion.
MINER, J., concurs.
BENTON, J., concurs in result.
NOTES
[1] The jury instructions as amended May 5, 1994, after the trial in this case, now provide a specific instruction on "Attempted Voluntary Manslaughter," which includes "Notes to Judge" explicitly stating that there is no crime of attempted involuntary manslaughter by culpable negligence, referring to Taylor. Fla. Std. Jury Instr. 58K-1.