682 So.2d 605 (1996)
Michael T. MOSELY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1365.
District Court of Appeal of Florida, First District.
October 30, 1996.
*606 Nancy A. Daniels, Public Defender; Fred Parker Bingham, II, Assistant Attorney General, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Mark C. Menser, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Michael T. Mosely, charged with attempted second-degree murder in the shooting of a man during an alleged drug transaction, appeals the jury's verdict finding him guilty of the lesser included offense of attempted manslaughter. We reverse.
At his trial, the judge[1] did not give the standard jury instruction for attempted manslaughter. The judge told the jury, in pertinent part:
Now, before you can find the defendant guilty of attempted manslaughter, the State must prove the following two elements beyond a reasonable doubt.
First, but for the fact that Michael T. Mosely failed, the victim would have died.
Second, the death would have been caused by the intentional act of Michael T. Mosely or the culpable negligence of Michael T. Mosely.
Shortly thereafter, the judge read the jurors the standard jury instruction definition of "culpable negligence." No objection was raised, at the charge conference or in open court, concerning the jury instructions.
It is undisputed that the instruction was error, as the reference permitted the jury to find the defendant guilty of attempted involuntary manslaughter, which is a nonexistent crime. Arline v. State, 550 So.2d 1180 (Fla. 1st DCA 1989).
The State, citing Murray v. State, 491 So.2d 1120 (Fla.1986), argues that the error is not fundamental so the appellant's failure to object at trial prohibits his raising the issue here. The State also argues that because a general verdict was returned and there was no evidence of or argument concerning culpable negligence, the error is harmless. We disagree.
We have previously held that it is fundamental error to instruct the jury that it may find a defendant guilty of attempted manslaughter by culpable negligence. Reid v. State, 656 So.2d 191 (Fla. 1st DCA) rev. denied 663 So.2d 632 (Fla.1995); Arline v. State, 550 So.2d 1180 (Fla. 1st DCA 1989). As we stated in Reid:
The error in the case at bar was fundamentalas it was in Brown [v. State, 550 So.2d 142 (Fla. 1st DCA 1989)] and Arlinebecause it simply did not involve a jury instruction that may have misled the jury, as in Murray, but, in fact, it permitted the defendant's conviction of a nonexistent crime.
656 So.2d at 193.
Likewise, we cannot find that the error was harmless. It is the State's burden *607 to show that the error was harmless beyond a reasonable doubt, i.e., "that there is no reasonable possibility that the error contributed to the conviction." State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986).
The State cites as authority for the proposition that the error was harmless beyond a reasonable doubt the recent decision in Mungin v. State, 21 Fla. L. Weekly S66 (Fla. February 8, 1996), wherein the Supreme Court let stand a first-degree murder conviction despite an erroneous instruction for premeditated murder where there was overwhelming evidence of felony murder to support the general verdict.
The distinction that the State misses is that in Mungin the jury was presented with two legitimate theories of guilt, premeditated murder and felony murder, and there is no evidence to support one theory, but substantial evidence to support the other. In this case, as in Reid and Arline, the jury was instructed on a nonexistent crime. Thus, this case falls within the rule stated in Yates v. United States, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957) overruled in part on other grounds, Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and recently cited in Horn v. State, 677 So.2d 320 (Fla. 1st DCA) review granted Case Nos. 87,788, 87,789, 679 So.2d 774 (Fla. August 27, 1996): "We think the proper rule to be applied is that which requires a verdict to be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected." 354 U.S. at 312, 77 S.Ct. at 1073 677 So.2d at 323 (emphasis supplied).
We recognize that the evidence adduced at trial demonstrated an intent on the part of the perpetrator to kill his victim, who sustained bullet wounds in his left side and his right shoulder. We likewise note that the defense did not make an issue of intent, but rather argued that there was insufficient evidence to convict Mosely of ever firing a shot at the victim. Therefore, it may be unlikely that the jury actually considered culpable negligence when reaching its verdict.
Nevertheless, we cannot say beyond a reasonable doubt that the jury was not influenced by the erroneous instruction. When jurors are given an instruction that would permit them to find the defendant guilty of a crime that does not exist, the error is fundamental and is per se reversible, and the case must be remanded for retrial. See, e.g., Lamb v. State, 668 So.2d 666 (Fla. 2d DCA 1996); Tape v. State, 661 So.2d 1287 (Fla. 4th DCA 1995); Humphries v. State, 676 So.2d 1 (Fla. 5th DCA 1995).
Because our holding resolves the matter in appellant's favor, by granting him a new trial, we need not address his other claim, which was based upon Coney v. State, 653 So.2d 1009 (Fla.) cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995).
MINER, WEBSTER and MICKLE, JJ., concur.
NOTES
[1] The Hon. David L. Reiman, County Judge of Union County, presided over the trial as an acting circuit judge.