PER CURIAM.
The appellant challenges his convictions and sentences for aggravated stalking, attempted kidnapping with a firearm, attempted first degree murder with a firearm, and burglary of a dwelling with an assault or battery while armed with a firearm. We conclude that the conviction and sentence for attempted kidnapping with a firearm must be reversed because of an incorrect jury instruction. We affirm the other convictions but vacate the sentences so that new sentences may be imposed under a corrected score-sheet.
The trial court erred in instructing the jury that it could find the appellant guilty of attempted kidnapping if it found that the appellant forcibly or by threat confined, abducted, or imprisoned the alleged victim with the intent to “commit or, or facilitate the commission of a crime, being battery.” The court should have instructed the jury that it could find the appellant guilty of attempted kidnapping if it found that any such confinement, abduction, or imprisonment was with the intent to “commit or facilitate commission of (applicable felony).” See Fla. Std. Jury Inst. (Crim.) at 94(c). The crime of battery is a misdemeanor, not a felony. See § 784.03(2), Fla. Stat. Although there was no objection at trial, this error is fundamental. See Yates v. United States, 354 U.S. 298, 300, 77 S.Ct. 1064, 1076, 1 L.Ed.2d 1356 (1957), overruled in part on other grounds, Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Pugh v. State, 624 So.2d 277 (Fla. 2d DCA 1993). We accordingly reverse the conviction and sentence for attempted kidnapping and remand for a new trial on that charge.
The convictions for the other offenses are affirmed, but, because reversal of the attempted kidnapping conviction will alter the appellant’s sentencing range for these offenses, the sentences for these offenses are vacated. New sentences may be imposed on remand based upon a corrected scoresheet.
Also on remand, the trial court is directed to correct the judgment to indicate that aggravated stalking is a third degree felony, rather than a second degree felony; to indicate that attempted first degree murder with a firearm is a life felony, rather than a “PBL” felony; and to indicate that attempted first degree murder is a violation of § 777.04, Florida Statutes.
MINER, ALLEN and MICKLE, JJ., concur.