ON MOTION FOR REHEARING

SHAHOOD, J.
We grant rehearing, withdraw our previously issued opinion and substitute the following in its place.
Appellant was charged with attempted first degree murder. Following a jury trial, he was convicted of attempted second degree murder. He contends it was fundamental error for the trial court to give the following, unobjected-to jury instruction:
In order to convict — to be guilty of attempted manslaughter, it is not necessary for the State to prove that the defendant has a premeditated intent to cause death, but, the State must prove that the actions of Mr. Cooper amount to culpable negligence.
Now culpable negligence has to do with the obligation and duty that each of us has to act reasonably towards others. If there is a violation of that duty; without any conscious intention to harm; we call that negligent. In other words, that’s, if you drive your car in a careless, negligent manner and cause an accident, you didn’t intend any harm. We call that negligence.
But that’s not what we’re talking about here. We’re talking about culpable negligence. That’s more than failure to use ordinary care for others. In order for negligence to be culpable, it must be gross and flagrant.
[[Image here]]
We say the State has the burden of proof of showing Mr. Cooper committed an act of culpable negligence. That’s what we mean. Then, the punishment is greater for attempted voluntary manslaughter, if in the course of committing that, there was some kind of weapon or firearm.
Attempted manslaughter by culpable negligence is a nonexistent crime. See State v. Brady, 685 So.2d 984 (Fla. 5th DCA 1997); Taylor v. State, 444 So.2d 931 (Fla.1983). Appellant argues that it is fundamental error to instruct the jury that it may find the defendant guilty of the crime of attempted manslaughter by culpable negligence. See Reid v. State, 656 So.2d 191 (Fla. 1st DCA 1995).
The state distinguishes Reid on the basis that, in this case, appellant was not convicted of the non-existent crime and the conviction of attempted second degree murder, a higher degree of crime, is supported by the record. See Murray v. State, 491 So.2d 1120 (Fla.1986)(holding that although it was error to instruct on manslaughter by culpable negligence, the error did not require a new trial because there was sufficient evidence to support the conviction). We agree.
Because there was sufficient evidence to support the higher degree of crime of which appellant was convicted, and the appellant has cited no authority that this instruction was fundamental error under these circumstances, we affirm.

Affirmed.

KLEIN and TAYLOR, JJ., concur.