966 So.2d 462 (2007)
Damien Orlando RODGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3807.
District Court of Appeal of Florida, First District.
October 10, 2007.
Nancy A. Daniels, Public Defender, and Terry Carley, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
We have considered the points raised by appellant Damien Rodgers and find no harmful error as to his conviction on Count 1 of the information, burglary of a dwelling with assault or battery. Accordingly we affirm the conviction and sentence as to *463 that count. We reverse, however, the conviction as to Count 2.
During the trial, but after the State had rested its case, the court pointed out to the attorneys that Count 2 of the information filed by the State Attorney's Office did not, in fact, charge a crime. Moreover, if the allegations contained in Count 2 had charged a crime, the State did not, as the trial court noted, present sufficient evidence to support a conviction under that count. Despite the exposition of these circumstances after the State rested, the defense never moved to dismiss the information nor for a judgment of acquittal. Instead, the court, undoubtedly with all best intentions, crafted its own solution to the problem.
First, the court, recognizing the fatal flaw in the charging document, announced that Count 2, ostensibly brought under section 782.051(3), Florida Statutes (2004), was worded so as not to charge an offense under that statute. The court expressed its view that the State must have intended to charge appellant under section 782.051(1). The State never ratified this conjecture, however, and in our own analysis of the information compared with subsections (1) and (3), we have difficulty understanding how the State could have originally intended the information, which virtually tracked the unique language of subsection (3) and its actus reus ("injure"), to charge a violation of subsection (1). Nonetheless, the judge sua sponte amended the information to allege a violation of section 782.051(1), Florida Statutes. At no time was this amendment put in writing, nor was defendant placed on notice of the particulars with which the court had now charged him. Next, the trial court, having verbally amended the information to charge a crime distinct from, and more serious than, the charge as to which the State had already rested, proceeded, without any request or motion, to grant a judgment of acquittal as to the charge that he had developed. Then, as the final blow, the court "amended" the (then-non-existent) charge to aggravated battery. The jury convicted appellant of aggravated battery, as charged by the judge.
As the trial court recognized, the information, as filed and prosecuted by the state attorney, could not support a conviction as to any crime, because it did not charge a crime. Accordingly, but for the court's injection into this proceeding, appellant would have ultimately been entitled to discharge as to Count 2. See Richardson v. State, 694 So.2d 147 (Fla. 1st DCA 1997); Mosely v. State, 682 So.2d 605 (Fla. 1st DCA 1996); Brown v. State, 550 So.2d 142, 142-43 (Fla. 1st DCA 1989). Instead, appellant was convicted of a crime, aggravated battery, with which he had never been formally charged. We would struggle to ever read aggravated battery into section 782.051(3) as a lesser included offense, because section 782.051(3) applies to the person who commits a felony while another person injures the victim by committing, inter alia, an aggravated battery. The Standard Jury Instructions in effect at the time of appellant's trial did not expressly provide an instruction as to sections 782.051(1) and (3); a 2007 amendment added instructions on both subsections, but it does not list any lesser included offenses for either. See Fla. Std. Jury Instr. (Crim.), "Schedule of Lesser Included Offenses" (4th ed.); In re Std. Jury Instr. in Crim. Cases, 962 So.2d 310 (Fla.2007) (adding instructions for sections 782.051(1) and (3), and expressly providing that neither section includes lesser offenses); In re Std. Jury Instr. in Crim. Cases, 639 So.2d 602 (Fla. 1994) (omitting listing lesser included offenses for third-degree attempted felony murder pursuant to section 782.04(1)(a)); In re Std. Jury Instr. in Crim. Cases, 636 *464 So.2d 502 (Fla.1994) (omitting lesser included offenses for first-degree attempted felony murder pursuant to section 782.04(1)(a)). The trial judge erred.
We must determine whether the error here is fundamental. The appropriate inquiry must consider whether the error "`reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" Scoggins v. State, 726 So.2d 762, 767 (Fla. 1999) (quoting Urbin v. State, 714 So.2d 411, 418 n. 8 (Fla.1998), and Kilgore v. State, 688 So.2d 895, 898 (Fla.1996)). Had the trial judge not transformed himself (albeit with no untoward intentions) into the role of the prosecutor's auditor, the appellant would have been entitled to full judgment of acquittal as to Count 2.
The parties have not directed us to a case where a trial court sua sponte amends a defective information in such a way that the defendant is improperly charged with a different crime. By analogy, though, we have found fundamental error and reversed defendants' convictions of nonexistent crimes and uncharged offenses. See, e.g., Richardson, 694 So.2d at 147 (holding that "[t]he revocation of a defendant's probation based on a violation not alleged in the charging document is a deprivation of the right to due process of law" and, as such, amounts to fundamental error); Mosely, 682 So.2d at 606-07 (finding fundamental error where, due to faulty jury instructions, defendant was convicted of attempted involuntary manslaughter, a nonexistent crime); Brown, 550 So.2d at 142-43 (finding fundamental error and reversing defendant's conviction of attempted solicitation to introduce contraband into state correctional institution, where defendant was charged with solicitation and trial judge incorrectly instructed jury that attempted solicitation was lesser included offense).
We have also found fundamental error where defendants were convicted of erroneous lesser included offenses. See, e.g., Hankerson v. State, 831 So.2d 235, 236-37 (Fla. 1st DCA 2002) (finding fundamental error and reversing defendant's conviction of erroneous lesser included offense of aggravated manslaughter). The supreme court has limited reversal in such cases, however, holding in Ray v. State, 403 So.2d 956, 961 (Fla.1981), that "it is not fundamental error to convict a defendant under an erroneous lesser included charge . . . if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action."
The error in this case goes at least one step beyond Ray. The State charged appellant in Count 2 with a crime for which he never could have been convicted. The trial court "amended" that count to charge what he thought the State meant to charge in the first place, and then sua sponte charged appellant with an erroneous lesser included offense, a crime that substantively differs from the original charge.
The course of events set out above essentially allowed the State to convict a defendant of a crime where the defendant (1) had not been charged with an actual crime, (2) was entitled to discharge as to Count 2, as charged, and (3) received no notice of the purported amended charge. We conclude that these actions, when viewed as a whole, rise to the level of fundamental error, and accordingly, we REVERSE appellant's conviction and sentence as to Count 2.
WEBSTER and ROBERTS, JJ., concur.