B.L.THOMAS, J.
Appellant was convicted of conspiracy to commit armed robbery and second-degree felony murder. While we affirm Appellant’s conspiracy conviction, we reverse Appellant’s conviction of second-degree felony murder, because as the State correctly concedes, conspiracy is not a predicate offense for felony-murder, and thus, the jury instruction to the contrary was erroneous. Pugh v. State, 624 So.2d 277 (Fla. 2d DCA 1993) (holding conspiracy to commit aggravated child abuse could not serve as predicate offense for felony-murder, and jury instruction containing error was fundamental, thus affirming conviction for conspiracy and remanding for new trial on charge of felony-murder). We disagree with the State that the error here was not fundamental, however, and remand for a new trial, because the erroneous instruction permitted the jury to find Appellant guilty of a non-existent crime. Reid v. State, 656 So.2d 191, 192-93 (Fla. 1st DCA 1995) (reversing conviction for nonexistent crime of attempted manslaughter by culpable negligence, absent an objection at trial, because error was fundamental). Under Article II, Section 3 of the Florida Constitution, this court has no' authority to affirm a conviction for a crime not specified in law. See B.H. v. State, 645 So.2d 987, 992 (Fla. 1994). In B.H., the Florida Supreme Court noted that “[t]he term ‘legislative power’ as used in Article III most particularly embraces statutes defining criminal offenses; and in the field of criminal law, the concept of separation of powers is directly linked to the Constitutional guarantee of due process.” Id. at 992. The court specifically pointed out that, under Article X, Section 10 of the Florida Constitution, “no felony can exist under Florida law unless created by a valid statute properly approved by the legislature.” Id. Furthermore, the legislature itself has required that courts strictly construe criminal statutes. § 775,021(1), Fla. Stat.
At trial, the court insfructed the jury that conspiracy to commit armed robbery was an element of second-degree felony murder:
Counts 1 and 2 are linked in that the crime charged in count 1 (conspiracy to Commit Armed Robbery) is an essential element of the crime charged in count 2 (Second Degree Felony Murder). You should first consider the evidence applicable to count 1. If you find the crime in Count 1 has not been proven beyond a reasonable doubt, you must find the defendant not guilty on both counts 1 and 2.
If, on the other hand, you find that the crime charged in count 1 has been proven beyond a reasonable doubt, you must then consider the evidence applica *115 ble to Count 2. A guilty verdict on Count 1 does not require a guilty verdict on Count 2. You should find the defendant guilty on Count 2 only if you find all the elements of that crime, including' the essential elements contained in Count 1, were proven beyond a reasonable doubt.
Relying on this instruction, the State reiterated this incorrect statement of law in its closing argument.
 Section 782.04(3), Florida Statutes, lists the offenses which may serve as an underlying felony in a felony-murder case. Although a defendant may be convicted of second-degree felony, murder “[w]hen a human being is killed during the perpetration of, or during the attempt to perpetrate ... robbery,” a defendant may not be convicted of second-degree felony murder when a human being is killed as a result of a conspiracy to commit armed robbery. § 782.04(3)(d), Fla. Stat. (emphasis added). In Pugh, the Second District noted this statutory exclusion of conspiracy from the enumerated qualifying offenses, and further noted that conspiracy offenses were separate and distinct from attempts and actual commission of offenses under section 777.04, Florida Statutes. 624 So.2d at 279. The court concluded that the “statutory definition of a felony should not by construction or interpretation be extended to cover acts of persons that are not within the intent of the statute, for only the lawmaking power can legally designate or define the criminal offenses for which penalties may be imposed.” Id. at 278-79 (emphasis added); see also Lewis v. State, 34 So.3d 183, 185 (Fla. 1st DCA 2010) (recognizing the limited scope of felony-murder as applying “only to those felonies specifically enumerated by statute”).
“Jury instructions are subject to the contemporaneous objection rule.” Croom v. State, 36 So.3d 707, 709 (Fla. 1st DCA 2010). Because Appellant failed to object to the erroneous jury instruction, we may not order a new trial, unless the error was fundamental. Id. For an error to be fundamental, it must “reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Brown v. State, 124 So.2d 481, 484 (Fla. 1960). In Reid, the trial court instructed the jury that it could convict the defendant of attempted manslaughter resulting from the defendant’s culpable negligence; in reversing, this court noted that, while a defendant could be convicted of manslaughter by culpable negligence, being convicted of attempted manslaughter required proof that the act or procurement was intentional, and instructing the jury that it could convict a defendant of attempted manslaughter by culpable negligence was fundamentally erroneous,' because it is a non-existent offense. 656 So.2d at 192.
Even if we did not find the plain text of section 782.04(3) controlling here, however, employing the statutory-interpretation tool of expressio unius est exclusio alterius[1] would also lead us to reverse the felony-murder conviction, because the legislative intent to exclude conspiracy is demonstrated by the inclusion of the inchoate offense of attempt and the exclusion of the inchoate offense of conspiracy. United States v. Plummer, 221 F.3d 1298, 1306 (11th Cir. 2000) (noting that “[a]ttempt, like conspir *116 acy, is an inchoate crime that can be committed regardless of whether the object of the venture is achieved.”); Iannelli v. United States, 420 U.S. 770, 777, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975) (considering “conspiracy and the completed substantive offense to be separate crimes. Conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act.”). It is not within our constitutional power, therefore, to include the inchoate offense of conspiracy within the felony-murder statute by upholding a conviction based on a crime which the legislature did not enumerate as a predicate offense.
Appellant also raises on appeal the trial court’s denial of his motion for judgment of acquittal on the second-degree felony murder charge. While Appellant’s involvement in the attempted robbery was disputed at trial, the trial court properly denied Appellant’s motion for judgment of acquittal, because the State offered sufficient evidence to prove Appellant committed attempted armed robbery as a principal. See Parker v. State, 570 So.2d 1048, 1051 (Fla. 1st DCA 1990) (interpreting the term “in the perpetration of’ to include deaths that occurred during would-be robber’s flight); Pugh, 624 So.2d at 279.
AFFIRMED in part, REVERSED in part, and REMANDED for a new trial.
M.K. THOMAS, J., CONCURS; WETHERELL, J., CONCURS IN RESULT.

. This principle of statutory interpretation respects the separation of powers by properly deferring to the legislature’s decision that "the mention of one thing implies the exclusion of another .... Hence, where a statute enumerates the things on which it is to operate, ... it is ordinarily to be construed as excluding from its operation all those not expressly mentioned.” Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).