DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THEODORE OBERMEYER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D22-487 and 4D22-503

[April 12, 2023]

Consolidated appeals of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Caroline C. Shepherd, Judge; L.T. Case Nos. 502011CF008807CXXXMB and 502012CF000364AXXXMB.

Sofiye Williams of Sofiye Williams, P.A., Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Senior Assistant Attorney General, West Palm Beach, for appellee.

**ON APPELLEE'S MOTION FOR REHEARING,
CLARIFICATION AND CORRECTION**

PER CURIAM.

We deny appellee's motion for rehearing, but grant the motion for clarification. We withdraw our prior opinion and substitute the following in its place.

Theodore Obermeyer appeals a trial court's order denying his Florida Rule of Criminal Procedure 3.850 motion. He argues that his counsel was ineffective for stipulating to a factual basis for his plea and for misadvising him as to the lack of a factual basis for two charges: (1) conspiracy to traffic in hydromorphone (14-28 grams), and (2) second-degree felony murder. Appellant entered a guilty plea to both charges.

Despite appellant's numerous admissions regarding his role in an overall pill mill scheme, the stated goal of which was to make money without regard for the patients' well-being, the record does not

conclusively refute appellant's claims that his counsel was ineffective. Accordingly, we reverse and remand for an evidentiary hearing.

The charges against appellant stemmed from his role as office manager of a pain clinic, which was operating as a pill mill in Palm Beach County. The clinic was ultimately shut down resulting in numerous arrests. Appellant was charged with conspiracy to traffic in hydromorphone, pursuant to sections 777.04(3) and 893.135(1)(c)1.b. and (5), Florida Statutes (2009), which require the amount of drugs involved to be between 14 and 28 grams. The information alleged that the conspiracy occurred on February 27, 2009.

Appellant was also charged with second-degree felony murder, pursuant to section 782.04(3), Florida Statutes (2009). The charge arose from the death of a clinic patient who had died from a suspected overdose the day after a clinic doctor had prescribed the victim 150 8-mg tablets of hydromorphone (1.2 grams).[1] The information alleged that on February 27, 2009,[2] while appellant was engaged in trafficking in hydromorphone or other controlled substance, the victim died.

As to felony murder, section 782.04(3) provides that the killing of a person during the perpetration or attempt to perpetrate an enumerated criminal offense listed in this section "by a person other than the person engaged in the perpetration of or in the attempt to perpetrate such felony, the person perpetrating or attempting to perpetrate such felony is guilty of murder in the second degree." Although the information charged that appellant trafficked in hydromorphone on February 27, 2009, the trial court specifically utilized the conspiracy to traffic offense as the underlying felony for the second-degree felony murder charge in this case.

Prior to entering his plea, appellant entered into a cooperation agreement with the State where he agreed to give truthful information regarding his knowledge of the pain clinic's activities. In his sworn statement, appellant described the clinic's operations including detailing his role as office manager. The clinic procured various drugs which were supplied to their patients through prescriptions written by clinic doctors. The entire enterprise was to make money from the drugs prescribed to patients and to keep patients "happy" so that they would come back and continue to buy drugs. Appellant also testified that there was a shortage of oxycodone in early 2009. The second-degree murder victim was a clinic

---

[1] 150 tablets x 8 mg each = 1,200 mg of hydromorphone/1,000 to convert to grams = 1.2 grams of hydromorphone.
[2] The date the victim died was actually a day later.

2

patient, and a clinic doctor decided to prescribe Dilaudid (hydromorphone) for him instead of oxycodone. The clinic only stocked 4 mg doses of Dilaudid, because appellant, as office manager, could not obtain 8 mg doses for the clinic. The doctor wrote the prescription for the victim on February 27, 2009.

After the parties stipulated to a factual basis, the trial court accepted the plea as voluntary, adjudicated appellant guilty, sentenced him to concurrent fifteen-year sentences on the charges, and imposed a fine.

Later, appellant filed a motion for postconviction relief alleging ineffective assistance of counsel for failing to advise him that the evidence was legally insufficient to support the plea. The State responded, and the trial court denied the motion. This appeal followed.

"An appellant can challenge the factual basis for his plea in a rule 3.850 motion." *Harris v. State*, 32 So. 3d 197, 197 (Fla. 4th DCA 2010) (citation omitted). Here, appellant argues that counsel was ineffective for failing to advise appellant that the factual basis was insufficient to support the quantity element of the conspiracy to traffic in hydromorphone charge.

The record shows that the only evidence of the amount of drugs administered or prescribed on the date alleged in the information, namely February 27, 2009, was a written prescription to the victim for 150 8-mg tablets of hydromorphone, which equates to only 1.2 grams of hydromorphone. This amount is much less than the 14-28 grams set forth in the charging instrument.

In response, the State asserted that the conspiracy charge was not limited to the single prescription written for the victim on February 27, 2009, but suggested that the charge encompassed all prescriptions for hydromorphone written on that date for any patient. This argument is belied by the Bill of Particulars filed by the State that listed only the named victim for this conspiracy count.

Appellant's overall admissions to his involvement as office manager in the scheme do not directly relate to the factual basis (quantity element) for the conspiracy charge. Although appellant stated that he "trafficked pills," the record does not indicate that this statement directly relates to the conspiracy charge for hydromorphone, and does not mention dates or whether the victim was involved. Moreover, the record does not support such a finding where the testimony demonstrated that the clinic never possessed the pills at issue as it did not stock the 8-mg pills, and the victim only obtained the pills after filling the prescription at Walgreens.

In short, because the indictment limits the conspiracy to traffic offense to one date—February 27, 2009—and the Bill of Particulars lists *only* the victim's name for that date—we are unable to find the connection on this record between appellant's admissions and the specific quantity element needed for the conspiracy charge. Without meeting the quantity element, the State would be unable to prove the conspiracy to traffic in hydromorphone. *See Snell v. State*, 939 So. 2d 1175, 1179 (Fla. 4th DCA 2006) (explaining that to support trafficking, one of the elements that must be proven is quantity).

The record likewise does not conclusively refute appellant's claim regarding ineffective assistance of counsel for his plea to second-degree felony murder. Without a factual basis for the conspiracy to traffic offense, no underlying felony supports the felony element of the second-degree felony murder offense. Proof that a defendant committed the underlying felony is required even in the context of a plea. *See, e.g.*, *Miller v State*, 988 So. 2d 138, 139 (Fla. 1st DCA 2008). We also question whether the conspiracy offense could have been used as the predicate felony even if it did have a factual basis. *See, e.g.*, *Smith v. State*, 215 So. 3d 113, 114 (Fla. 1st DCA 2017) (finding defendant could not be convicted of second-degree felony murder based upon the underlying felony of conspiracy to commit robbery, because the conspiracy to commit offense was not a predicate felony under section 782.04(3)); *Pugh v. State*, 624 So. 2d 277, 278 (Fla. 2d DCA 1993) (stating "[a]lthough aggravated child abuse and attempted aggravated child abuse are specified within section 782.04, conspiracy to commit aggravated child abuse is not. *It is necessary to emphasize that conspiracy to commit a crime, attempt to commit a crime, and the actual commission of a crime are separate and distinct offenses*") (emphasis added); *see also* § 782.04(3)(a), Fla. Stat. (2009) (showing that actual trafficking is an enumerated offense for felony murder).

Even if the trial court erred in premising the second-degree murder charge on conspiracy to traffic rather than actual trafficking of hydromorphone and other controlled substances as alleged in the information, the amount of the only drug prescribed on February 27, 2009, was less than the trafficking threshold. Therefore, the evidence would not have proven the underlying felony of trafficking to sustain a conviction for second-degree felony murder. Furthermore, on that date the clinic doctor wrote a prescription which the victim filled at a drug store. There is no evidence in the record that appellant had a role in providing these drugs on this date. The State contends that the information could span trafficking in various drugs that the clinic gave the victim for months prior to the victim's death, but the information only alleged trafficking in those

drugs prescribed to the victim on the day before the victim's death and did not allege that any prior prescriptions or drug transactions resulted in the victim's death.

"The main purpose for ascertaining a factual basis for a plea is to prevent a defendant from mistakenly entering a plea to the wrong offense." *State v. Sion*, 942 So. 2d 934, 937 (Fla. 3d DCA 2006) (citation omitted). Because it appears that no factual basis existed for the charges, appellant's counsel's advice to plead in this case may be considered ineffective assistance.

As the record does not conclusively refute appellant's claims, we reverse and remand for an evidentiary hearing.

*Reversed and remanded.*

WARNER, DAMOORGIAN and GERBER, JJ., concur.

\* \* \*

***Final Upon Release; No Motion for Rehearing Will Be Entertained.***

5