SHIVERS, Judge.
Appellant Bates appeals judgment and sentence against him, contending the trial court erred in revoking his probation.
*928 We reverse and remand.
Appellant’s probation was revoked by the trial court based on its finding that appellant had “substantially and materially” breached the terms and conditions of his probation by failing to submit the required monthly reports and “by failing to make payments for the cost of his supervision.” As a result appellant was sentenced to five years in prison.
The trial court failed to make a determination as to whether appellant was financially able to make those payments.
We are asked whether the trial court erred in revoking appellant’s probation for failing to pay the costs of his supervision absent a finding that appellant was financially able to pay those costs.
In Page v. State, 363 So.2d 621 (Fla. 1st DCA 1978) and in Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978), we held that absent a showing of financial ability, a trial court may not revoke a defendant’s probation based on the failure to pay for the costs of his supervision. In the case sub judice, the trial court failed to make a finding of financial ability and, therefore, appellant’s probation may not be properly revoked on the ground that appellant failed to pay for the costs of his supervision.
Although the revocation of probation could be based on appellant’s failure to file timely reports, we are not sure at all that the trial court would have revoked appellant’s probation and imposed a five year sentence based solely on that ground.
On that basis, we reverse the revocation of appellant’s probation and remand for a determination as to whether appellant had the financial ability to pay for the costs of his supervision, and, if financially unable, whether appellant’s probation should be revoked based solely on his failure to file timely monthly reports. See Page v. State, supra.
REVERSED and REMANDED.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.