453 So.2d 156 (1984)
Christine THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. AV-440.
District Court of Appeal of Florida, First District.
July 18, 1984.
Michael Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
This appeal is before us from the trial court's order revoking appellant's probation. Appellant raises the sole issue of whether the state adequately proved that she had the present financial ability to make restitution. For the reasons stated below, we answer that question in the negative and reverse and remand for further consideration.
Pursuant to a guilty plea, appellant was convicted of public assistance fraud and placed on four years probation. One of the conditions of her probation was to pay $720 in restitution.
An affidavit of violation of probation was subsequently filed alleging that appellant violated her probation by failing to file reports; by allegedly shoplifting items from a department store; by failing to follow the instructions of her probation officer; and by failing to make any restitution payments, thereby violating conditions (1), (5) and (8), and special condition (9) of the probation order, respectively. At the revocation hearing, appellant's probation officer testified that appellant's sole source of income was derived from monthly payments of $223 from the Aid to Families with Dependent Children Program (AFDC), and food stamps valued at $214. Appellant testified that she has three children. The state produced no other evidence concerning appellant's financial status.
The trial court concluded that the evidence was insufficient from which to find a violation of probation based on the shoplifting count, but did find that appellant had *157 violated the other conditions as alleged, specifically finding that appellant had the ability to pay. The court revoked probation and sentenced appellant to ten months in the county jail.
Although the trial court arguably made the specific determination of appellant's ability to make restitution payments as was contemplated by this Court in Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978), it can only be concluded that the court did so by considering appellant's receipt of the AFDC monies and the food stamps. In M.P. v. State, 443 So.2d 482 (Fla. 2d DCA 1984), the second district unequivocally held that payments received under the AFDC program should not be considered by the trial court in its assessment of present ability to comply with a court's restitution order. The second district reasoned:
Diversion of such public-assistance payments to satisfy appellant's pre-existing restitution obligation would, of course, frustrate the legislative intent and purpose underlying the need for such financial assistance. See §§ 409.235, .185, Florida Statutes (1981).
Id. We adopt the second district's holding and reasoning as our own. We also note that such conclusion is consistent with the legislative mandate embodied in section 775.089(2), Florida Statutes (1983), that, in determining the amount and method of payment of restitution, the trial court shall consider not only the financial resources of the defendant, but "the burden the payment of restitution will impose on the defendant," as well (emphasis added). Clearly, requiring appellant to make restitution from funds earmarked for the support and care of her three children would jeopardize the welfare of innocents. We cannot countenance such a result. Accordingly, we hold the trial court erred in finding that appellant violated condition (9) of her probation order.
Nevertheless, the trial court's finding that appellant violated conditions (1) and (8) still stands. Both the failure to file reports and the failure to follow the probation officer's supervisory instructions, though technical, are valid grounds for revoking probation. Haynes v. State, 440 So.2d 661 (Fla. 1st DCA 1983); Bates v. State, 424 So.2d 927 (Fla. 1st DCA 1983); Chappell v. State, 429 So.2d 84 (Fla. 5th DCA 1983); Hutchinson v. State, 428 So.2d 739 (Fla. 2d DCA 1983). However, where a portion of the revocation order is reversed and the violation or violations stricken as invalid grounds for revocation, but the remainder of the order is affirmed, we have traditionally remanded for reconsideration where we cannot determine from the record whether the trial court would have revoked probation and imposed the same sentence on the remaining grounds. We cannot make that determination here, and therefore remand for reconsideration. See Gammon v. State, 451 So.2d 1042 (Fla. 1st DCA 1984); Haynes v. State; Bates v. State; Blake v. State, 433 So.2d 611 (Fla. 1st DCA 1983); and also Edwards v. State, 439 So.2d 1028 (Fla. 3d DCA 1983).
REVERSED and REMANDED.
MILLS and SHIVERS, JJ., concur.