PER CURIAM.
This appeal arises from the conviction and sentence of appellant Tracy S. Tyson for “attempted culpable negligence.” We reverse and remand because one cannot be convicted of a nonexistent crime.
Tyson was charged with culpable negligence under section 784.05(3), Florida Statutes, for exposing a person to injury by leaving a loaded firearm within easy access of a minor, where the minor used the firearm to inflict injury on that person. Following the evidence presented, the jury found Tyson guilty of “attempted culpable negligence, a lesser-included offense.”
The Florida Supreme Court has held that there is no crime of attempted manslaughter where the manslaughter is through culpable negligence. See Taylor v. State, 444 So.2d 931 (Fla.1983); Arline v. State, 550 So.2d 1180 (Fla. 1st DCA 1989). The rationale is that a person cannot form an intent to commit an act by culpable negligence. Taylor, 444 So.2d at 933. Likewise, one cannot be guilty of “attempted culpable negligence” under section 784.05, Florida Statutes, because one cannot intend to be culpably negligent. We REVERSE and REMAND.
BOOTH, WOLF and MICKLE, JJ., concur.