658 So.2d 1226 (1995)
Henry HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1242.
District Court of Appeal of Florida, Fourth District.
August 16, 1995.
*1227 Robert G. Udell, Stuart, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Carrion Pinson, Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant Henry Harris appeals from judgments of conviction and sentences for attempted first-degree murder, robbery with a firearm, two counts of kidnapping with a firearm, grand theft, second-degree arson and trespass of an occupied structure. We are compelled to reverse defendant's judgment of conviction and sentence for attempted first-degree murder based on the supreme court's decision in State v. Gray, 654 So.2d 552 (Fla. 1995).
In reliance on the law in effect at the time, the trial court instructed the jury on two alternative bases upon which it could find defendant guilty of attempted first-degree murder  attempted premeditated murder and attempted felony murder. Since trial, however, our supreme court in Gray has receded from Amlotte v. State, 456 So.2d 448 (1984), by deciding that the offense of attempted felony murder will no longer be recognized in Florida because the "legal fictions required to support the intent for felony murder are simply too great." 654 So.2d at 554; see also State v. Grinage, 656 So.2d 457 (Fla. 1995). In Gray, our supreme court mandated that its holding must be applied to all cases pending on direct review or not yet final and therefore Gray is applicable to this case. 654 So.2d at 554; see Grinage, 656 So.2d at 457; see also Smith v. State, 598 So.2d 1063, 1066 (Fla. 1992).
We reject the state's contention that the trial court's instruction on attempted felony murder, which the state requested in this case, was harmless, especially in light of the fact that the jury was told it could convict defendant on the basis of a nonexistent crime. See State v. Sykes, 434 So.2d 325 (Fla. 1983). We are unable to conclude beyond a reasonable doubt that the instruction did not contribute to the jury convicting defendant of attempted first-degree murder. Compare Knight v. State, 394 So.2d 997 (Fla. 1981); see State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
While our decision does not require a reversal of defendant's other convictions, we must remand for resentencing on these convictions in light of our reversal of the attempted first-degree murder because the attempted murder conviction was scored as the primary offense. Additionally, in violation of rule 3.702(d)(5) of the Florida Rules of Criminal Procedure, defendant erroneously received victim injury points for the death of Vincent Brewer. Defendant should not have received these additional points on his scoresheet because he was acquitted of the death of victim Brewer by the jury. On remand, when recalculating defendant's scoresheet, these points should be eliminated.
REVERSED AND REMANDED.
STONE and SHAHOOD, JJ., concur.