666 So.2d 222 (1995)
Rineall GREGORY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-04588.
District Court of Appeal of Florida, Second District.
December 27, 1995.
*223 James Marion Moorman, Public Defender, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant, Rineall Gregory, challenges the sentence imposed following jury convictions for several criminal offenses. He argues that the trial court erred in assessing sentencing guidelines points for moderate victim injury and for possession of a semiautomatic weapon under Florida Rule of Criminal Procedure 3.702(d)(12). We conclude, based on the evidence presented at trial, that the trial court did not abuse its discretion in finding that the injury to the victim was moderate rather than slight. We determine, however, that the evidence does not support the trial court's finding that appellant possessed a semiautomatic weapon. We, therefore, strike the twenty-five sentencing points assessed on that basis.
Without the extra twenty-five points, appellant's sentencing guidelines range is 38.7 to 64.5 months as opposed to 58.2 to 92 months. The trial court sentenced appellant to five years in prison, which is at the very bottom of the range on the erroneous scoresheet, but at the very top of the range on the corrected scoresheet. Because the record does not conclusively establish that the trial court would have imposed the same sentence had it had a correct scoresheet, we are compelled to reverse and remand for resentencing. Singleton v. State, 620 So.2d 1038 (Fla. 2d DCA 1993).
Reversed and remanded for resentencing.
ALTENBERND, A.C.J., and BLUE and LAZZARA, JJ., concur.