RYDER, Acting Chief Judge.
Kenneth Hayes contends that he was illegally sentenced because his sentence in Case No. 93-14171 for attempted robbery exceeds the statutory maximum and that the absence of a guidelines scoresheet filed in the appellate record for either Case No. 93-14171 or 93-15570 raises a question whether the judge properly sentenced him without first computing the presumptive sentence. The state concedes that the case should be remanded for resentencing with a proper guidelines scoresheet. We, therefore, reverse and remand for resentencing.
The appellant was originally sentenced in Case No. 93-14171 to thirty months’ imprisonment which was suspended, and he was placed on community control for two years. The original sentencing documents incorrectly classified the attempted robbery as a second degree felony. Subsequently, his community control was revoked as a consequence of the robbery offense charged in Case No. 93-15570. At the sentencing hearing on both cases, the prosecutor advised the court that the sentencing document should be corrected to reflect that the attempted robbery offense was a third degree felony, and that the maximum sentence was five years. Nonetheless, the appellant was sentenced in each case to nine years’ imprisonment to run concurrently. The sentence in Case No. 93-14171 is illegal. See Green v. State, 502 So.2d 999 (Fla. 2d DCA 1987).
Although the court apparently utilized the guidelines scoresheet once during the sentencing, we cannot determine whether the court committed a presumptive sentencing error. See Robinson v. State, 471 So.2d 671 (Fla. 2d DCA 1985). Although the failure to file a scoresheet was deemed harmless error in Tarver v. State, 553 So.2d 257 (Fla. 2d DCA 1989), the record here involves sentencing in two cases. It is, therefore, not clear, as it was in Tarver, that the failure to file the scoresheet was harmless error.
We, therefore, reverse and remand for re-sentencing in Case Nos. 93-14171 and 93-15570 and direct the filing of a guidelines scoresheet. The resentencing in Case No. 93-14171 should be within the statutory maximum of five years’ imprisonment.
CAMPBELL and ALTENBERND, JJ., concur.