675 So.2d 1008 (1996)
Mario Raphael STEPPS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3404.
District Court of Appeal of Florida, First District.
June 18, 1996.
Nancy A. Daniels, Public Defender, and Alisa Smith, Assistant Public Defender, Tallahassee, for Appellant.
*1009 Robert A. Butterworth, Attorney General, and Stephen R. White, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the revocation of his community control, and the imposition of a sentence of imprisonment. Because there was sufficient evidence to support the determination that the appellant willfully and substantially violated the conditions of community control, the revocation is affirmed. However, on remand the court should amend the revocation order to reflect the specific violations as orally pronounced. Gregg v. State, 643 So.2d 106 (Fla. 1st DCA 1994).
A Florida Rule of Criminal Procedure 3.990 guidelines scoresheet was improperly used in this case, as this scoresheet does not apply to offenses committed before 1994. See Fla. R.Crim. P. 3.702(a); § 921.001(4)(b)2, Fla. Stat. (Supp.1994). The use of this scoresheet altered the applicable guidelines range for a nondeparture sentence, and requires resentencing with a proper guidelines scoresheet. E.g., Gregory v. State, 666 So.2d 222 (Fla. 2d DCA 1995); Johnson v. State, 583 So.2d 386 (Fla. 1st DCA 1991). The sentence is therefore vacated, and the case is remanded.
MINER, ALLEN and MICKLE, JJ., concur.