DANAHY, PAUL W., (Senior) Judge.
A.J., a juvenile, challenges her withheld adjudication on the offense of misdemeanor child abuse under section 827.04(2), Florida Statutes (1995). We agree with A.J. that misdemeanor child abuse is not a lesser-included offense of aggravated child abuse and reverse and remand with instructions to the trial court to grant A.J.’s motion for judgment of acquittal.
A.J. was charged with aggravated child abuse, a second-degree felony, pursuant to section 827.03(2)(a), Florida Statutes (1995). The petition for delinquency alleged that on July, 19, 1996, A.J. committed an aggravated battery on the victim. On March 31, 1997, the trial court held an adjudicatory hearing on the petition. At the close of the State’s case, the trial court granted A.J.’s motion for judgment of acquittal as to the aggravated child abuse but found that there was prima facie evidence of misdemeanor child abuse under section 827.04(2). After A.J. presented her case, the trial court found her guilty of misdemeanor child abuse. It specifically found that she, through culpable negligence, and not through any type of intentional act, inflicted a physical injury on the child. The trial court entered an order withholding adjudication and placed A.J. on community control, and on April 4, 1997, A.J. filed a motion for rehearing on her motion for judgment of acquittal arguing two new grounds for relief. In her first ground, A.J. argued that there are no lesser-included offenses of aggravated child abuse. In her second ground, she argued that the petition alleged that she intentionally caused great bodily harm to the child while the trial court found her guilty of negligently causing physical harm to the child and the elements of this offense were not alleged in the petition for delinquency. The trial court denied the motion.
Florida Rule of Juvenile Procedure 8.130(a)(6) provides that after the trial court enters an order withholding adjudication, a party may move for rehearing on the grounds “[t]hat the judgment is contrary to the law and the evidence.” The motion must be filed within ten days of the hearing. Fla. R. Juv. P. 8.130(b)(1). Appellant’s motion was timely filed and alleges that the judgment was contrary to the law.
In State v. Coffman, — So.2d -, 1998 WL 536955, 23 Fla. L. Weekly D1998 (Fla. 2d DCA Aug. 26, 1998), this court, in holding that battery is not a lesser-included offense of aggravated child abuse based on malicious punishment under section 827.03(l)(e), Florida Statutes (1995), noted that “there are no necessarily or permissible lesser-included offenses indicated in the standard jury instructions for aggravated child abuse under any provision of section 827.03, Florida Statutes (1995).” (Emphasis added.) See also Mohammed v. State, 561 So.2d 384 (Fla. 2d DCA 1990) (child abuse by culpable negligence under section 827.04(1) not a lesser-included offense of aggravated child abuse under 827.03, Florida Statutes (1987)).[1]
Accordingly, the trial court erred in denying A. J.’s first ground of her motion for judgment of acquittal. The trial court also erred in denying the second ground. Even if child abuse by culpable negligence pursuant to section 827.04(2) were a lesser-included offense of aggravated child abuse, the information must allege every element of the lesser offense to sustain a conviction on that offense. See Lawrence v. State, 685 So.2d 1356 (Fla. 2d DCA 1996). In the present case, the petition alleged only intentional *763 touching or striking and did not allege injury through culpable negligence.
Reversed and remanded with instructions.
PARKER, C.J., and CASANUEVA, J., concur.

. We note that on October 1, 1996, section 827.03 was amended by chapter 96-322, section 8, Laws of Florida (1996).