779 So.2d 525 (2000)
Joseph KEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4429.
District Court of Appeal of Florida, Second District.
December 13, 2000.
Rehearing Denied January 19, 2001.
*526 Julianne M. Holt, Public Defender, Tampa, and Theda R. James, Assistant Public Defender, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Joseph Key challenges his conviction and sentence for battery and third-degree felony child abuse. These charges arose out of the death of the two-year-old daughter of Key's girlfriend.
Key first argues that the trial court erred by giving the jury an instruction on child abuse that included the element of "great bodily harm." While we agree that the jury instruction was incorrect, we conclude that Key was not prejudiced by the error. The erroneous instruction made it harder for the State to convict Key, requiring proof of a greater injury than the correct instruction required. See Raford v. State, 25 Fla. L. Weekly D2271, 2000 WL 1345008 (Fla. 4th DCA Sept.20, 2000).
Key also maintains that the trial court erred by adding 120 points to his sentencing scoresheet for the victim's death. We agree. Because the jury convicted Key of the lesser included offense of battery and not of the charged offense of first-degree murder, he should not have been assessed points for the victim's death. See Rodriguez v. State, 666 So.2d 234 (Fla. 2d DCA 1995); Harris v. State, 658 So.2d 1226 (Fla. 4th DCA 1995).
Upon remand, the trial court should resentence Key without assessing 120 points for the victim's death, but may impose other appropriate victim injury points.
Affirmed in part, reversed in part, and remanded for resentencing.
THREADGILL, A.C.J., and FULMER, J., Concur.