787 So.2d 53 (2001)
Craig TRUITT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-914.
District Court of Appeal of Florida, Second District.
February 23, 2001.
*54 James Marion Moorman, Public Defender, Bartow, and Frank D.L. Winstead, Special Assistant Public Defender, New Port Richey, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Appellant, Craig Truitt, challenges his sentence for aggravated battery with a deadly weapon. Appellant alleges that the trial court erred in adding 120 victim injury points to his sentencing scoresheet for the victim's death. We agree and reverse.
Appellant was charged with second-degree murder for a death which occurred after appellant and the victim engaged in a fight. The jury found appellant guilty of the lesser included offense of aggravated battery with a deadly weapon. The trial court, however, added 120 victim injury points to appellant's sentencing scoresheet for the victim's death. Since the jury did not convict appellant of second-degree murder but rather the lesser included offense of aggravated battery with a deadly weapon, appellant should not have been assessed 120 victim injury points for the victim's death. See Key v. State, 779 So.2d 525 (Fla. 2d DCA 2000).
We, therefore, remand this case for resentencing without assessing 120 victim injury points for the victim's death. On remand, the trial court may impose other appropriate victim injury points.
Reversed and remanded for resentencing.
PARKER, A.C.J., and GREEN, J., concur.