793 So.2d 96 (2001)
Keniel NUNEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2760.
District Court of Appeal of Florida, Second District.
August 15, 2001.
*97 James Marion Moorman, Public Defender, and Jean M. Henne, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Appellant, Keniel Nunez, challenges his conviction and sentence for attempted robbery with a firearm. We find no merit in his contention that the trial court erred in denying his motion for judgment of acquittal and in failing to give his requested jury instruction as to independent acts. Thus, we affirm his conviction without further comment. We, however, remand this case for resentencing because the trial court improperly added 120 victim injury points to appellant's scoresheet due to the victim's death.
In addition to being charged with attempted robbery with a firearm, appellant was charged with second-degree murder for a death which occurred during the robbery. The jury acquitted appellant of the second-degree murder charge. Since the jury acquitted appellant of second-degree murder, the trial court should not have assessed 120 victim injury points for the victim's death. See Truitt v. State, 787 So.2d 53 (Fla. 2d DCA 2001) (holding that where the defendant was charged with second-degree murder but only convicted of aggravated battery, the trial court erred in imposing 120 victim injury points); Key v. State, 779 So.2d 525 (Fla. 2d DCA 2000). Accordingly, we remand this case for resentencing without assessing 120 victim injury points for the victim's death. On remand, the trial court may impose other appropriate victim injury points.
Affirmed in part, reversed in part, and remanded for resentencing.
THREADGILL, A.C.J., and GREEN, J., Concur.