837 So.2d 535 (2003)
Joseph KEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4772.
District Court of Appeal of Florida, Second District.
February 12, 2003.
*536 James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Joseph Key seeks review of his sentence of 62.1 months' incarceration, which the trial court entered on remand from his direct appeal. Because the trial court abused its discretion in assessing forty points for severe victim injury, we reverse.
In September 1998 the State charged Key with the first-degree murder and aggravated child abuse of his girlfriend's three-year-old daughter. The evidence showed that the cause of death was blunt trauma to the back. The child's injuries included damage to the pancreas and intestines, a liver and spleen that were torn in half, a broken rib, and contusions to the head. At trial the State alleged that Key delivered these injuries to the child during a severe beating. Key admitted to hitting the child on her back, but asserted that the child's injuries resulted from a fall down the stairs.
The jury acquitted Key of murder and aggravated child abuse and convicted him of the lesser-included crimes of misdemeanor battery and child abuse. The trial court sentenced Key to time served for battery and 97.27 months' incarceration for child abuse. This sentence was a guidelines sentence, and the trial court assessed 120 victim injury points for the child's death on his guidelines scoresheet.
Key appealed the trial court's assessment of victim injury points for death, and this court reversed with directions that the court could assess "other appropriate victim injury points." Key v. State, 779 So.2d 525, 526 (Fla. 2d DCA 2000), review denied, 794 So.2d 605 (Fla.2001). On remand, the trial court assessed forty points for severe victim injury. Key then filed the present appeal, arguing that the trial court abused its discretion in finding Key responsible for severe victim injury.[1]
The trial court's assessment of victim injury points is reviewed for an abuse of discretion. Ely v. State, 719 So.2d 11, 13 (Fla. 2d DCA 1998); Gregory v. State, 666 So.2d 222, 223 (Fla. 2d DCA 1995). Severe victim injury merits forty points, moderate victim injury merits eighteen points, and slight victim injury merits four points. Fla. R.Crim. P. 3.991(a) (1997). Victim injury points may not be assessed for a crime of which the defendant is acquitted. Fla. R.Crim. P. 3.702(d)(5). In this case, Key was acquitted of not only first-degree murder and aggravated child abuse, which were the crimes charged on the information, but also second-degree murder, manslaughter, and aggravated battery, which are lesser-included crimes that were charged in the jury instructions.
The difference between the statutory definitions of misdemeanor battery and aggravated battery is that aggravated battery requires great bodily harm or use of a deadly weapon. §§ 784.03, 784.045, Fla. Stat. (1997). There were no weapons involved in this case, so the jury must have *537 rejected the State's assertion that Key caused great bodily harm. Similarly, the jury's acquittal of aggravated child abuse and conviction for child abuse necessarily precludes a finding of great bodily harm. § 827.03(1), (2), Fla. Stat. (1997).[2]
Because the jury necessarily concluded that Key did not cause great bodily harm, he cannot be assessed victim injury points for great bodily harm. The question becomes whether great bodily harm is something greater than severe victim injury for which the trial court assessed forty victim injury points. "`Great bodily harm defines itself and means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises as are likely to be inflicted in a simple assault and battery.'" Coronado v. State, 654 So.2d 1267, 1270 (Fla. 2d DCA 1995) (quoting Owens v. State, 289 So.2d 472, 474 (Fla. 2d DCA 1974)). The term is not statutorily defined. Under principles of lenity, we must resolve doubts about the meanings of the terms in the appellant's favor. Poole v. State, 753 So.2d 698, 698 (Fla. 4th DCA 2000). Thus, we conclude that a rejection of great bodily harm precludes a finding of severe victim injury.
The trial court therefore abused its discretion in assessing forty points for severe victim injury, and we reverse Key's sentence and remand for resentencing. Although Key may not be assessed severe victim injury points as a matter of law, we conclude that the State presented sufficient evidence to support a finding of moderate victim injury. Thus, on remand the court shall assess eighteen points for moderate victim injury.
Reversed and remanded.
SALCINES and SILBERMAN, JJ., Concur.
NOTES
[1] We reject Key's argument that the assessment of victim injury points is contra to Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the issue has not been preserved for review. See Marshall v. State, 789 So.2d 969, 970 (Fla.2001); Sheffield v. State, 789 So.2d 340 (Fla.2001).
[2] It should be noted that the jury was erroneously given an instruction on child abuse that included the element of "great bodily harm." On direct appeal, this court recognized that the instruction was given in error, but concluded that the error was harmless. Key v. State, 779 So.2d 525, 526 (Fla. 2d DCA 2000), review denied, 794 So.2d 605 (Fla.2001). In accordance with this finding, we conclude that Key may not be assessed victim injury points for a finding of great bodily harm based on the erroneous jury instruction.