848 So.2d 422 (2003)
Brian Michael GRIFFIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-4664.
District Court of Appeal of Florida, First District.
July 2, 2003.
*424 Nancy A. Daniels, Public Defender; and Paula S. Saunders, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; and Robert R. Wheeler, Assistant Attorney General, Tallahassee, for Appellee.

REVISED OPINION ON MOTION FOR REHEARING OR REHEARING EN BANC
BROWNING, J.
We hereby withdraw our previously reported decision in Griffis v. State, 28 Fla. L. Weekly D945 (Fla. 1st DCA Apr.10, 2003), and substitute the following opinion. Following the death of his 4-month-old daughter from injuries consistent with "shaken baby" syndrome, Brian Michael Griffis (Appellant) was charged with second-degree murder by violent shaking, in violation of section 782.04(2), Florida Statutes (1999) (Count One); and with aggravated child abuse by unlawfully committing aggravated battery; or willfully torturing, maliciously punishing, or willfully and unlawfully caging her; or knowingly or willfully abusing the child and in so doing causing great bodily harm, permanent disability, or permanent disfigurement to a child under age 18, in violation of section 827.03(2), Florida Statutes (1999) (Count Two). The defense relied on the theory that Appellant had not been the only custodian of the infant over the several days before her death. The jury found Appellant not guilty on Count One, and guilty on Count Two of the lesser-included offense of child abuse. Appellant argues that the trial court erred in failing to instruct the jury accurately on the elements of child abuse, thereby allowing him to be convicted of an uncharged crime. Appellant contends also that if we reverse on this first issue, then we also must reverse the orders revoking his probation because those orders are based solely on the reversed conviction. See Stevens v. State, 409 So.2d 1051 (Fla.1982); Farley v. State, 740 So.2d 5 (Fla. 1st DCA 1999). Concluding that the erroneous jury instruction constitutes fundamental error under Reed v. State, 837 So.2d 366 (Fla. 2002), we reverse Appellant's conviction and sentence and remand for a new trial. Although the conviction we are reversing was not the sole basis for revoking probation, we remand for further consideration of the revocation issue, for the record does not indicate whether the trial court would have revoked probation and imposed the same sentence in the absence of the conviction. Thomas v. State, 453 So.2d 156 (Fla. 1st DCA 1984); Bates v. State, 424 So.2d 927 (Fla. 1st DCA 1983).
The provision under which the State charged the Count Two offense reads:
827.03 Abuse, aggravated abuse, and neglect of a child; penalties.
* * *
(2) "Aggravated child abuse" occurs when a person:
(a) Commits aggravated battery on a child;
(b) Willfully tortures, maliciously punishes, or willfully and unlawfully cages a child; or
(c) Knowingly or willfully abuses a child and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the child.

*425 A person who commits aggravated child abuse commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Without a contemporaneous objection, the trial court started reading to the jury the then-standard instruction on the lesserincluded offense in Count Two:
The only lesser crime indicated in the definition of aggravated child abuse is child abuse. Before you can find the defendant guilty of child abuse, the state must prove the following four elements. Number one, Brian Griffis willfully by culpable negligence or knowingly inflicted or permitted the infliction of physical injury to Alexis Griffis. Number two, in so doing, Brian Griffis caused Alexis Griffis great bodily harm. Number three, Brian Griffis was a parent of Alexis Griffis. Number four, Alexis Griffis was under the age of 18 years.
This instruction is erroneous, first, because it would allow a jury to find a defendant guilty of child abuse by acting "willfully by culpable negligence" to inflict or permit the infliction of physical injury to the victim. This language is contradictory to other language in the instruction that correctly indicates child abuse is an "intent" crime under statutory subsection (1), which states:
(1) "Child abuse" means:
(a) Intentional infliction of physical or mental injury upon a child;
(b) An intentional act that could reasonably be expected to result in physical or mental injury to a child; or
(c) Active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child. A person who knowingly or willfully abuses a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Although culpable negligence contemplates gross recklessness and a disregard of the consequences likely to result from one's actions to such an extent that intent might be suspected or inferred, see Taylor v. State, 444 So.2d 931, 934 & n. 3 (Fla.1983), and Rodriguez v. State, 443 So.2d 286 (Fla. 3d DCA 1983), culpable negligence does not specifically involve an intent element. Tyson v. State, 646 So.2d 816 (Fla. 1st DCA 1994); Black's Law Dictionary 1056-57 (7th ed.1999). At best, instructing the jury to determine whether Appellant acted "willfully by culpable negligence" created confusion as to whether intent is an essential element of the crime. This error lowered the State's burden of proof on a vigorously disputed essential element by possibly misleading the jury to believe it did not have to find intent to injure on Appellant's part in order to convict him of child abuse. Because the jury used a general verdict, the specific findings underlying the factual basis of the guilty verdict are not in the record.
Culpable negligence is an element of "neglect of a child," which was not charged. § 827.03(3)(b), Fla. Stat. (1999). Apparently, the trial judge immediately suspected an error in mid-instruction, for she asked aloud: "Culpableis this in the right place?" Defense counsel answered "Yes, Your Honor." Given this assurance, the court continued reading the instruction as follows:
Culpable negligence, each of us has a duty to act reasonably towards others. If there is a violation of that duty without any conscious intention to harm, that violation is negligence, but culpable negligence is more than a failure to use ordinary care towards others. In order *426 for negligence to be culpable, it must be gross and flagrant.
Culpable negligence is a course of conduct showing reckless disregard of human life or of the safety of persons exposed to its dangerous effects or such an entire want of care as to raise a presumption of a conscious indifference to consequences or which shows wantonness or recklessness or a grossly careless disregard of the safety and welfare of the public or such an indifference to the rights of others as is equivalent to an intentional violation of such rights. The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known or reasonably should have known was likely to cause death or great bodily injury....
This additional emphasis on culpable negligence, albeit with defense counsel's apparent blessings, could have confused the jury further. Second, the instruction given is erroneous because it includes causing "great bodily harm" to the victim as an element of child abuse, whereas it is not an element. § 827.03(1), Fla. Stat.
At the commencement of sentencing, defense counsel orally made a motion to vacate the conviction for child abuse in Count Two, on the grounds that the State's information had failed to allege culpable negligence and that the instruction erroneously expanded the elements of the crime by including culpable negligence. Counsel noted that child abuse is a permissive, not mandatory, lesser-included offense of aggravated child abuse, such that the permissive lesser-included offense is proper only if all the elements are alleged in the charging document. The defense asserted that the instruction on child abuse is inconsistent with the statute also in that great bodily harm is not an element of child abuse. In summary, Appellant's lawyer contended that Appellant had been improperly found guilty of an uncharged crime. Counsel asserted that the failure to make a contemporaneous objection to the erroneous jury instruction did not create a preservation problem, for the mistake rises to the level of fundamental error. See Dixon v. State, 823 So.2d 792 (Fla. 2d DCA 2001) (finding that error in giving jury instruction on charge of battery on a law-enforcement officer that permitted conviction if defendant caused victim great bodily harm, when defendant was charged only with intentional touching battery, was fundamental error, where general verdict rendered it impossible to tell whether defendant was found guilty of charged offense). The prosecutor responded that the standard instruction given is the preferred one, but that if there was an error, the defense shouldered part of the blame. The State asserted that a mistrial and a new trial, not dismissal, were the proper remedies in the event the trial court found fundamental error. Defense counsel replied that the State could not re-try Appellant for second-degree murder or aggravated child abuse because double jeopardy had attached to those offenses. Counsel asked that the judgment of conviction be vacated. The trial court ruled that the legal issue had been adequately raised and "should properly be addressed by the District Court of Appeal." The attorneys were invited to submit memoranda on the subject, but the defense's request for an interlocutory appeal on this issue was denied.
Although a trial court generally can rely on standard jury instructions, the approval of such instructions by the Supreme Court of Florida does not automatically mean such instructions are correct. See, e.g., Chicone v. State, 684 So.2d 736 (Fla. *427 1996); Yohn v. State, 476 So.2d 123, 127 (Fla.1985). In fact, the erroneous instruction in question was amended in 2002, after Appellant's trial, and now essentially tracks the child-abuse statute without the offending language. Fla. Std. Jury Instr. (Crim.) 16.3.
Jury instructions are subject to the contemporaneous objection rule, and absent such an objection at the trial, errors in instructions cannot be raised on appeal unless fundamental error occurred. State v. Delva, 575 So.2d 643, 644 (Fla. 1991); Castor v. State, 365 So.2d 701 (Fla. 1978). A defendant has a fundamental right to have a court correctly and intelligently instruct the jury on the essential, material elements of the crime charged and required to be proven by competent evidence. Delva, 575 So.2d at 644; Gerds v. State, 64 So.2d 915 (Fla.1953). A defendant cannot be convicted of a crime that was not charged. Dixon, 823 So.2d at 794; O'Bryan v. State, 692 So.2d 290 (Fla. 1st DCA 1997). Fundamental error occurs when the court fails to instruct on an element of the crime that was disputed at trial. Reed, 837 So.2d at 369; Delva, 575 So.2d at 644-45; Simmons v. State, 780 So.2d 263, 266 (Fla. 4th DCA 2001). Likewise, expanding the definition of a crime beyond that which is charged in the information, resulting in a conviction of a crime not charged, is fundamental error. Dixon, 823 So.2d at 794; Zwick v. State, 730 So.2d 759 (Fla. 5th DCA 1999). Accordingly, giving the inaccurate and misleading instruction on the elements of child abuse, which allowed Appellant's conviction of a non-existent crime, constitutes fundamental error. Reed, 837 So.2d at 369 (stating that irrespective of whether the evidence of guilt is overwhelming or whether the prosecutor has or has not made inaccurate instruction a feature of the trial, it is fundamental error if inaccurately defined element is disputed at trial and inaccurate definition is pertinent or material to what jury must consider in order to convict); Mosely v. State, 682 So.2d 605 (Fla. 1st DCA 1996) (finding fundamental error where jury instruction was not simply misleading, but permitted defendant to be convicted of non-existent crime); Ward v. State, 655 So.2d 1290 (Fla. 5th DCA 1995).
Child abuse under section 827.03(1)(a) requires intentional infliction of physical or mental injury upon a child and is a third-degree felony, whereas neglect of a child under section 827.03(3)(b) is a crime of omission constituting a seconddegree felony. The elements of child abuse include knowingly or willfully abusing a child without causing great bodily harm. The elements of neglect of a child include willfully or by culpable negligence causing great bodily harm. The erroneous instructions blended the elements of these two offenses. Great bodily harm is an element of aggravated child abuse under section 827.03(2)(c) and child neglect under section 827.03(3)(b), but not of child abuse. § 827.03(1). Culpable negligence is an element of child neglect, but not of child abuse. Because the court instructed on each of these elements, the instructions conformed to neither the child abuse nor the child neglect statute, and it is unclear of which offense the jury found Appellant guilty. The information did not allege either neglect or culpable negligence, and section 827.03(3) is not a proper lesser offense. A.J. v. State, 721 So.2d 761 (Fla. 2d DCA 1998); Mohammed v. State, 561 So.2d 384 (Fla. 1st DCA 1990). The instructions did not necessarily make it harder to convict Appellant, for child abuse requires an intentional act, knowing or willful, yet the jury was allowed to find that the abuse was not intentional but, instead, constituted culpable negligence. Being inherently harmful, fundamental error *428 is not subject to harmless error review. Reed, 837 So.2d at 369-70. Thus, the confusing and erroneous instruction given, and the effect thereof, distinguish this case from Key v. State, 779 So.2d 525 (Fla. 2d DCA 2001) (finding defendant convicted of third-degree child abuse was not prejudiced by erroneous jury instruction that included element of great bodily harm, for erroneous instruction required proof of greater injury than correct instruction required), and Raford v. State, 792 So.2d 476 (Fla. 4th DCA 2001).
Appellant correctly notes that where the underlying guilty verdict is reversed, the general rule requires a probation revocation order based solely on that verdict and conviction to be reversed too. See, e.g., Stevens, 409 So.2d at 1051; Farley, 740 So.2d at 5. The instant record distinguishes this case from those two decisions. The amended sworn affidavits alleged that Appellant had violated Conditions (5), (1), (2), and (10) of his probation agreement. Condition (5) stated: "You will live without violating the law." The alleged violations of this condition were the acts leading to and including his arrest for murder and aggravated child abuse. Condition (1) stated: "You shall submit a full and truthful report to your officer on the form provided for that purpose each month as directed by your officer." The affidavit alleged that Appellant had failed to submit written monthly reports for the period July-December 1999. Condition (2) required Appellant to pay $25.00 monthly to the State of Florida for the cost of supervision unless otherwise waived, plus a $2.00 monthly surcharge pursuant to section 948.09(1)(a)2., Florida Statutes (1999). The affidavit alleged that Appellant had failed to make adequate payment and was in arrears in the amount of $225.00. Condition (10) required Appellant to pay restitution, fines, costs, and/or fees, plus a 4% administrative processing fee pursuant to section 945.31, Florida Statutes (1999), to the Florida Department of Corrections. The affidavit alleged that Appellant had not made all the required payments and was in arrears in the amount of $34.34. The violation of probation was heard simultaneously with the trial. The trial court orally announced that the guilty verdict constituted "evidence that the court would consider in terms of the violations of probation." In the written revocation orders, the trial court stated that Appellant had violated all the conditions contained in the affidavits in question. Thus, the record refutes the claim that the revocation of probation was based solely on the reversed conviction. Because the record does not indicate whether the trial court would have revoked probation and imposed the same sentence, absent the conviction we are reversing, we remand for the trial court for further consideration of the revocation issue. Thomas, 453 So.2d at 156; Bates, 424 So.2d at 927.
We REVERSE the conviction and remand the case for a new trial; we REVERSE the probation revocation orders and remand for further proceedings on the revocation question.
DAVIS and POLSTON, JJ., CONCUR.