PER CURIAM.
In these consolidated appeals, appellant, Alexander Brooks, challenges the revocation of his probation and the trial court’s order denying his motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).[1] On appeal, appellant contends that the trial court abused its discretion in revoking his probation. Appellant also contends that the trial court improperly sentenced him pursuant to the 1995 sentencing guidelines for his five underlying offenses. Because the trial court did not abuse its discretion in revoking appellant’s probation, we affirm the trial court’s revocation order without further discussion. As to the trial court’s denial of appellant’s rule 3.800(b)(2) motion, we reverse the sentences in case numbers 97-05, 97-16, 97-70, 97-98 and remand for resentencing in *875 accordance with Heggs v. State, 759 So.2d 620 (Fla.2000).
Following its revocation of appellant’s probation, the trial court sentenced appellant to 113.4 months’ imprisonment on an arson offense in case number 98-117,[2] 113.4 months’ imprisonment on an aggravated battery of a pregnant person offense in case number 97-70, 113.4 months’ imprisonment on a dealing in stolen property offense in case number 97-98, and sixty months’ imprisonment on each offense of driving with a suspended license in case numbers 97-05 and 97-16, with each of the sentences to run concurrently. The latter four offenses each occurred between October 1, 1995, and May 24, 1997, the Heggs window period as set forth in Trapp v. State, 760 So.2d 924, 928 (Fla.2000). During the pendency of these appeals, appellant attempted to supplement the record with the scoresheets utilized during the sentencing hearing to no avail. Appellant also filed a rule 3.800(b)(2) motion with the trial court, requesting that the court either locate or reconstruct the scoresheets and resentence him in accordance with Heggs. Due to the trial court’s untimeliness in ruling upon the motion, the motion is deemed denied. See Fla. R.Crim. P. 3.800(b)(1)(B). These appeals followed.
All defendants are entitled to be sentenced under a correctly scored and calculated scoresheet. Fortner v. State, 830 So.2d 174, 175 (Fla. 2d DCA 2002). In the instant case, because the offenses in case numbers 97-05, 97-16, 97-70, and 97-98 occurred after October 1, 1995, and prior to May 24, 1997, appellant has standing to challenge the trial court’s sentencing of these offenses. See Heggs, 759 So.2d at 630 (holding the 1995 sentencing guidelines invalid due to a single subject violation); see also Trapp, 760 So.2d at 928 (holding that a defendant may challenge a sentence imposed upon him or her under the 1995 sentencing guidelines if the relevant criminal offense occurred on or after October 1, 1995, and prior to May 24, 1997).
From a complete review of the record in the instant case, it is unclear as to whether the trial court utilized a proper sentencing guidelines scoresheet for the four offenses at issue. Although the record on appeal contains scoresheets that were used to previously sentence appellant, two of those scoresheets contain the unconstitutional 1995 sentencing guidelines. It is quite possible that the trial court utilized these improper scoresheets in imposing the sentences at issue.
Furthermore, based upon this Court’s independent calculation using the proper 1994 sentencing guidelines, it appears as if appellant’s sentences for the offenses in case numbers 97-70 and 97-98 could not have been imposed even under the proper guidelines. See Hummel v. State, 782 So.2d 450, 451 (Fla. 1st DCA 2001) (holding that, if a person’s sentence imposed under an erroneous scoresheet could have been imposed under a corrected scoresheet without a departure, then that person is not entitled to resentenc-ing). Moreover, based upon the transcript of the sentencing hearing, the trial court seemingly utilized more than one score-sheet in sentencing appellant with regard to the four offenses at issue, notwithstanding the fact that each offense was subject to the 1994 sentencing guidelines. See State v. Miller, 743 So.2d 141,141 (Fla. 4th DCA 1999) (holding that the trial court should have used one scoresheet for the offenses pending before the court at the time of sentencing because the two offenses fell under the same version of the *876 sentencing guidelines); see also Fla. R.Crim. P. 3.703(d)(2). As such, it is not clear that the failure to file the pertinent scoresheet constituted harmless error. See Hayes v. State, 667 So.2d 454, 454 (Fla. 2d DCA 1996) (reversing and remanding for resentencing as it was not clear that the failure to file the scoresheet was harmless error). Accordingly, we reverse the sentences in case numbers 97-05, 97-16, 97-70, and 97-98 and remand for resentencing within the 1994 sentencing guidelines pursuant to Heggs.
AFFIRMED in part; REVERSED and REMANDED in part.
WOLF, C.J., LEWIS and POLSTON, JJ., concur.

. Because the trial court failed to file an order within sixty days from the filing of appellant's motion, the motion is deemed denied.
See Fla. R.Crim. P. 3.800(b)(1)(B); see also O’Neill v. State, 841 So.2d 629, 629 (Fla. 2d DCA 2003) (citation omitted).

. We find no error in the trial court's sentence as to the arson offense.