907 So.2d 1224 (2005)
Gregory E. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1371.
District Court of Appeal of Florida, Fifth District.
July 8, 2005.
*1225 Gregory Williams, Century, pro se.
No appearance for Appellee.
PLEUS, C.J.
Gregory E. Williams appeals the trial court's order summarily granting in part and denying in part his Rule 3.800 motion, which raises three grounds pursuant to Rule 3.800(a) and (c). We affirm in part and dismiss in part, as will be explained.
Williams alleges that while serving a prison sentence for attempted robbery with a deadly weapon, he was transferred from prison to the Brevard County jail in September 2004 to face charges of possession of cocaine. According to him, court records reflected that he appeared in court in Brevard County on September 13 and 14, 2004, and was ultimately sentenced to 30 months in prison for possession of cocaine on December 17, 2004, after he pled guilty. He was awarded jail credit of 36 days.
In his first ground, Williams claims he is entitled to additional jail credit on the possession of cocaine sentence, complaining he was incarcerated in the county jail from September 2004 until December 2004, yet only received jail credit of 36 days. The attachments to the trial court's order reflect that Williams appeared before the court in Brevard County on September 13, 2004, with regard to the instant charges and was ultimately sentenced on December 17, 2004. The court in its order granted relief by awarding him jail credit of an additional 96 days. Based on our review of the attachments, we conclude that he is not entitled to any further relief on this claim.
Williams' second ground asserts that the 30 month sentence for possession of cocaine is illegal because the scoresheet recommended only 24 months. For support, he cites Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Williams' reliance on Blakely is misplaced because under the Criminal Punishment Code, the sentencing judge is entitled to impose a sentence up to the statutory maximum without having to make any factual findings. See Fla. R.Crim. P. 3.992. Since possession of cocaine is a third-degree felony with a five-year statutory maximum, see section 893.13, Florida Statutes, Williams' 30 month sentence is not illegal for purposes of Rule 3.800(a).
Williams' third ground seeks mitigation of his sentence pursuant to Rule 3.800(c). He alleges that he is willing to complete drug and other rehabilitation programs and that his family needs his financial support. The trial court declined to mitigate his sentence. The trial court's denial of a Rule 3.800(c) motion to mitigate is not appealable. See, e.g., Adams v. State, 800 So.2d 741 (Fla. 5th DCA 2001). Thus, to the extent that Williams seeks appellate review of the trial court's disposition of his claim under Rule 3.800(c), we dismiss his appeal.
Accordingly, we AFFIRM in part and DISMISS in part.
SHARP, W., and THOMPSON, JJ., concur.