PER CURIAM.
The appellant challenges the trial court’s order summarily denying his motion alleging ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the appellant has stated a facially sufficient claim that his counsel at resentencing was ineffective for failing to object to the use of an improper scoresheet, we reverse. All other issues are affirmed without further discussion.
The appellant entered a plea to second-degree murder (a lesser-included offense), carrying a concealed firearm, and possession of a firearm by a minor, which was negotiated as to the offenses but not to the *848 sentences. Pursuant to a rule 3.800(a) motion, the appellant was resentenced for count one because his original sentence exceeded the statutory maximum. At re-sentencing, the trial court utilized a 1995 scoresheet and sentenced the appellant to twenty-five years’ imprisonment followed by fifteen years’ probation.
The appellant argues that his counsel at resentencing was ineffective because a 1994 scoresheet was the applicable score-sheet. See Heggs v. State, 759 So.2d 620 (Fla.2000). The appellant alleges he was prejudiced because the sentence imposed for Count I (twenty-five years’ imprisonment followed by fifteen years’ probation) could not be imposed within the 1994 guidelines maximum (273.75[1] months’). The appellant has standing because he committed his offenses on October 6, 1996, which is within the applicable window. See Trapp v. State, 760 So.2d 924, 928 (Fla.2000). The appellant’s claim is timely filed within two years of his resentencing. See McCallum v. State, 842 So.2d 158, 159 (Fla. 4th DCA 2003).
The appellant was entitled to the use of a proper scoresheet. See Brooks v. State, 851 So.2d 873, 876 (Fla. 1st DCA 2003); Stepps v. State, 675 So.2d 1008, 1009 (Fla. 1st DCA 1996). The appellant was resen-tenced in 2002 when the law was clear that an appellant who committed his offense in the applicable window was entitled to the use of a 1994 scoresheet. Hope v. State, 797 So.2d 1252, 1253 (Fla.2001); Heggs, 759 So.2d at 627. Thus, his counsel had a reason to object at the resentencing. The appellant also alleges a facially sufficient prejudice prong that the imposed sentence could not have been imposed under a 1994 scoresheet without a departure. Heggs, 759 So.2d at 627. We therefore reject the state’s argument and the trial court’s ruling that the appellant’s claim is without merit because his sentence does not exceed the statutory maximum for the offense and was imposed pursuant to a negotiated plea agreement.
However, the state may be entitled to withdraw from the plea agreement if “it gave up something as part of the plea agreement.” Latiif v. State, 787 So.2d 834, 837 (Fla.2001)(quoting Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981)). In such a situation, the state has the option of proceeding to trial on the original charges or electing to have the defendant resen-tenced under the 1994 guidelines. Id. It appears from the record on appeal that the state did in fact give up something, to wit, allowing the appellant to plead to a lesser-included offense. See id.
We, therefore, reverse the summary denial of the appellant’s claim for ineffective assistance of counsel and remand to the trial court to hold an evidentiary hearing on this issue.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DAVIS, BROWNING and LEWIS, JJ., concur.

. The appellant miscalculates his maximum sentence as 263.75 months but, based on the record before this Court, this Court’s calculation totals 273.75.