981 So.2d 596 (2008)
Jeremy LANE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-6219.
District Court of Appeal of Florida, First District.
May 12, 2008.
*597 Nancy A. Daniels, Public Defender, and M. Gene Stephens, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Daniel A. David, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Jeremy Lane appeals his conviction for aggravated battery and his sentence of twelve years' imprisonment. Appellant raises two issues on appeal, one concerning his conviction and the other his sentence. We affirm the appellant's conviction without comment, but reverse and remand for appellant to be resentenced.

Background
The appellant was charged by information with the second degree murder of Thomas Brown. The trial testimony established that the appellant punched the victim twice in the head or face, after which another person, Mark Foss, punched the victim once. The victim died suddenly when an artery in his neck ruptured.[1]
After a jury trial, the appellant was convicted of the lesser-included offense of aggravated battery. He was acquitted of second-degree murder, third-degree murder and manslaughter. The appellant's Criminal Punishment Code scoresheet included 120 victim injury points for death and indicated a lowest permissible sentence of approximately nine years' imprisonment. The trial court sentenced appellant to twelve years in prison.

Analysis
The appellant filed a rule 3.800(b)(2) motion asserting that the scoring of 120 victim injury points for death violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because death of the victim is not an element of aggravated battery that was found by the jury. Apprendi does not apply in this case because the scoring of victim injury points for death did not result in a sentence above the prescribed statutory maximum. In Apprendi, the Supreme Court held that "other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a *598 reasonable doubt." Id. at 490, 120 S.Ct. 2348. (emphasis added). In Blakely v. Washington, 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Supreme Court clarified that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."
Under the Criminal Punishment Code, a trial court may impose any sentence up to the statutory maximum without any additional factual findings. See § 921.002(1)(g), Fla. Stat. (2006) (stating that under the Criminal Punishment Code "[t]he trial court judge may impose a sentence up to and including the statutory maximum for any offense. . . ."); see also Fla. R.Crim. P. 3.992. Because the appellant was convicted of a second-degree felony the trial court could have sentenced appellant to as much as fifteen years' imprisonment without making any finding regarding victim injury. See §§ 775.082(3)(c); 784.045(2), Fla. Stat. (2006). As such, the scoring of death victim injury points does not violate the dictates of Apprendi and Blakely. See Williams v. State, 907 So.2d 1224 (Fla. 5th DCA 2005) (holding that reliance on Blakely misplaced where defendant's sentence within statutory maximum for crime of which he was convicted); Gisi v. State, 848 So.2d 1278, 1282 (Fla. 2d DCA 2003) (victim injury points must be submitted to jury if addition of points causes sentence to go beyond statutory maximum).
Below, the appellant also asserted that the trial court erred, as a matter of law, by scoring victim injury points for "death" when the jury acquitted him of all murder charges. We agree.
Section 921.0021(7)(a), Fla. Stat. (2006) defines victim injury as:
[T]he physical injury or death suffered by a person as a direct result of the primary offense, or any additional offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.
Further, Florida Rule of Criminal Procedure 3.704(d)(9) states:
"Victim injury" is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing. . . . Victim injury must be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims. However, victim injury must not be scored for an offense for which the offender has not been convicted.

Id. (emphasis added). In Truitt v. State, 787 So.2d 53 (Fla. 2d DCA 2001), a defendant was charged with second-degree murder for a death which occurred after the defendant fought the victim. The jury, like the jury in this case, found the defendant guilty of the lesser included offense of aggravated battery. Id. at 54. The trial court added 120 victim injury points to defendant's scoresheet for death. Id. The Truitt court remanded for resentencing without the 120 points assessed for the death. Id. The court held: "Since the jury did not convict appellant of second-degree murder but rather the lesser included offense of aggravated battery with a deadly weapon, appellant should not have been assessed 120 victim injury points for the victim's death." Id.; see also Nunez v. State, 793 So.2d 96 (Fla. 2d DCA 2001) (same). We agree with the Second District and hold that victim injury points for "death" cannot be scored where a defendant is acquitted of all murder charges and convicted of aggravated battery. But see Sims v. State, 869 So.2d 45 (Fla. 5th DCA *599 2004) (holding that victim injury points for death can be scored for the crime of leaving the scene of an accident causing death, even though death is not an element of the crime), review granted 926 So.2d 1270 (Fla.2006). Thus, the trial court erred by scoring 120 victim injury points for death.
Accordingly, we AFFIRM the appellant's conviction but REVERSE AND REMAND for appellant to be resentenced pursuant to a correctly calculated scoresheet.
ALLEN, WOLF, and POLSTON, JJ., concur.
NOTES
[1] The appellant's defense at trial was that Mark Foss inflicted the fatal blow.