24 So.3d 562 (2009)
Courtney BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-4013.
District Court of Appeal of Florida, Fourth District.
July 1, 2009.
Order Amending Opinion on Grant of Rehearing in Part October 7, 2009.
Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Courtney Brown ("Brown") timely appeals his conviction and sentence for aggravated neglect, a lesser included offense. This Court has jurisdiction. Fla. R.App. P. 9.140(b)(1)(A) (2007).
Brown was charged by information with one count of aggravated manslaughter of an elderly person and one count of aggravated neglect of an elderly person (his mother). After a jury trial, Brown was acquitted of aggravated manslaughter, but convicted of aggravated neglect. At sentencing, the court assessed Brown 120 victim injury points for the death of his *563 mother and sentenced him to ten years in prison with credit for time served.
On appeal, Brown raises three separate claims, but we find only his argument as to the victim injury points to be persuasive. We affirm as to the other claims without further discussion.
The standard of review of the legality of the court's assessment of victim injury points is de novo. Jupiter v. State, 833 So.2d 169, 170 (Fla. 1st DCA 2002).
Rule 3.704(d)(9) of the Florida Rules of Criminal Procedure provides:
"Victim injury" is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing. . . . Victim injury must be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims. However, victim injury must not be scored for an offense for which the offender has not been convicted.

(Emphasis added.) Under this rule, "victim injury points for `death' cannot be scored where a defendant is acquitted of all murder charges." Lane v. State, 981 So.2d 596, 598 (Fla. 1st DCA 2008); see also, e.g., Harris v. State, 658 So.2d 1226 (Fla. 4th DCA 1995); Key v. State, 779 So.2d 525 (Fla. 2d DCA 2001). Thus, Brown should not have been assessed victim injury points for the death of his mother as he was acquitted of aggravated manslaughter.
Brown's conviction still stands. But we remand this case with an instruction for the trial court to recalculate Brown's scoresheet with the victim injury points eliminated and to resentence him accordingly.
STEVENSON and DAMOORGIAN, JJ., concur.

ON MOTIONS FOR REHEARING
POLEN, J.
Appellee, the State of Florida, and Appellant, Courtney Brown, have both filed motions for rehearing. On July 1, 2009, this court issued an opinion ordering the trial court to recalculate Brown's sentencing scoresheet with the victim injury points eliminated and to resentence Brown accordingly. See Brown v. State, No. 4D07-4013, 2009 WL 1872339 (Fla. 4th DCA 2009).
The State argues that the victim injury points should not be eliminated and that this court may have overlooked the fact that the trial court could still assess some victim injury points for degrees of victim injury other than death. Additionally, the state seeks a rehearing regarding the court's conclusion that Brown could not be assessed 120 points for the victim's death because he was acquitted of the manslaughter charge.
Brown, pro se, argues that this court's decision is not in accordance with the decisions of Thomas v. State, 885 So.2d 968 (Fla. 4th DCA 2004), Willis v. State, 669 So.2d 1090 (Fla. 3d DCA 1996), nor Fed. R.Evid. 403.
After careful review of both motions, we deny Brown's motion for rehearing and grant the State's motion for rehearing in part. We substitute the last sentence in our opinion with the following:
But we remand this case with an instruction for the trial court to recalculate Brown's scoresheet and to resentence him accordingly.
STEVENSON and DAMOORGIAN, JJ., concur.