POLEN, J.
Appellant Courtney Brown (“Brown”) timely appeals his conviction and sentence for aggravated neglect, a lesser included offense. This Court has jurisdiction. Fla. R.App. P. 9.140(b)(1)(A) (2007).
Brown was charged by information with one count of aggravated manslaughter of an elderly person and one count of aggravated neglect of an elderly person (his mother). After a jury trial, Brown was acquitted of aggravated manslaughter, but convicted of aggravated neglect. At sentencing, the court assessed Brown 120 victim injury points for the death of his *563 mother and sentenced him to ten years in prison with credit for time served.
On appeal, Brown raises three separate claims, but we find only his argument as to the victim injury points to be persuasive. We affirm as to the other claims without further discussion.
The standard of review of the legality of the court’s assessment of victim injury points is de novo. Jupiter v. State, 833 So.2d 169, 170 (Fla. 1st DCA 2002).
Rule 3.704(d)(9) of the Florida Rules of Criminal Procedure provides:
“Victim injury” is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing.... Victim injury must be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims. However, victim injury must not be scored for an offense for which the offender has not been convicted.
(Emphasis added.) Under this rule, “victim injury points for ‘death’ cannot be scored where a defendant is acquitted of all murder charges.” Lane v. State, 981 So.2d 596, 598 (Fla. 1st DCA 2008); see also, e.g., Harris v. State, 658 So.2d 1226 (Fla. 4th DCA 1995); Key v. State, 779 So.2d 525 (Fla. 2d DCA 2001). Thus, Brown should not have been assessed victim injury points for the death of his mother as he was acquitted of aggravated manslaughter.
Brown’s conviction still stands. But we remand this case with an instruction for the trial court to recalculate Brown’s scoresheet with the victim injury points eliminated and to resentence him accordingly.
STEVENSON and DAMOORGIAN, JJ., concur.